NANCY SOTTILE, Adm'x of the Estate of Joseph Sottile, Deceased, Plaintiff-Appellant, *v.* LYNN SUVICK, Defendant-Appellee.

First District (4th Division)    No. 78-2138

Opinion filed December 13, 1979.

Nicholas F. Maniscalco, of Chicago, for appellant.

Tim J. Harrington, of Chicago (Roger A. Serpe, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff has appealed from a denial of her petition for a rehearing of a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72), to vacate a dismissal of her complaint. We find no jurisdiction and dismiss the appeal.

The plaintiff's suit was dismissed for failure to comply with discovery on February 2, 1976. On November 7, 1977, the plaintiff filed a section 72 petition to vacate the dismissal. The petition was denied on April 17, 1978, because the plaintiff had served the defendant's attorney rather than the defendant.

On May 16, 1978, the plaintiff filed a notice that she would, on June 26, 1978, move for a rehearing on the November 7, 1977, petition to vacate the dismissal. On June 5, 1978, the defendant was personally served in Nevada. On June 26, 1978, the petition was continued and the plaintiff given 14 days to answer the interrogatories, which she did. However, on August 24, 1978, this second petition was denied. She appealed from these orders on Monday, September 25, 1978.

■■ This court has no jurisdiction over the appeal since it was not timely filed. A notice of appeal must be filed within 30 days after the entry of the final judgment appealed from. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a).) The court's order of April 17 denying the section 72 petition was a final and appealable order. (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102, *appeal denied* (1977), 66 Ill. 2d 630; Ill. Rev. Stat. 1977, ch. 110A, par, 304(b)(3).) Plaintiff's contention that her motion for rehearing kept the action alive is without merit. (*City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703.) As that court stated at 73 Ill. App. 3d 863, 865-67, 392 N.E.2d 703, 705-06:

"Supreme Court Rule 304(b)(3) provides that '[a] judgment or order granting or denying any of the relief prayed in a petition under section 72 of the Civil Practice Act [citation]' is appealable *without* a finding by the court that there is no reason for delaying enforcement or appeal. (58 Ill. 2d R. 304(b)(3).) Read in conjunction with Rule 303(a), it is apparent that defendant had 30 days from the order of June 30, 1978 (denying his motion to vacate), within which to file notice of appeal. See *Wright v. Thompson* (1977), 50 Ill. App. 3d 149, 365 N.E.2d 556.

Nothing in the rules supports defendant's contention that the filing of a motion for rehearing or reconsideration directed to an order denying relief under a section 72 petition (which motion was in effect a successive section 72 petition) would extend the time for

filing notice of appeal. Rule 303(a) does provide that the time for appeal is tolled 'if a timely post-trial motion directed against the judgment is filed * * *.' (58 Ill. 2d R. 303(a).) However, we construe that provision as referring to motions filed under sections 50(5), 68.1 or 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.1, 68.3). A motion to reconsider the denial of relief pursuant to section 72 is obviously not the type of motion contemplated by Rule 303(a).

\* \* \*

If the rules of appellate procedure were strained or extended to permit the tolling of the time for appeal by the procedure engaged in here, there could be an endless succession of such rehearing motions and there would never be a final determination of the dispute."

■ Moreover, even if the motion for rehearing was the type of post-trial motion contemplated by Rule 303(a), there is nothing in the record to indicate that it was timely filed. A post-trial motion must be filed within 30 days after the entry of the judgment. (*Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621.) Within 30 days after the entry of the order denying the motion to vacate the dismissal, the plaintiff filed a notice that she would, several weeks later, file a motion for rehearing. The motion itself is not in the record and there is nothing in the record to indicate when the motion actually was filed. However, the notice stated the motion would be made on June 26, 1978, a date well beyond the 30-day period allowed by statute. So unless the notice itself was sufficient to stay the period, the court lost jurisdiction at the end of the 30-day period, and the belated filing of the motion for rehearing could not recreate jurisdiction in the trial court. The notice, however, was not sufficient since a notice of motion is not in itself a motion or petition. (*Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 338 N.E.2d 188; *Ruttenberg v. Red Plastic Co.* (1979), 68 Ill. App. 3d 728, 386 N.E.2d 616; *Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 374 N.E.2d 1078; *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103, *appeal denied* (1978), 71 Ill. 2d 597.) In *Kollath*, the attorney 30 days after his case had been dismissed filed a notice of motion in court. As in the present case, no motion was filed with the notice. The notice in *Kollath* stated that the attorney would appear on the following day to move for the vacation of the dismissal. He did so and the dismissal was vacated. The supreme court ruled that the court lacked jurisdiction to entertain the oral motion, stating at 62 Ill. 2d 8, 10, 338 N.E.2d 188, 190:

"Section 50(5) clearly provides that a court may only 'on motion filed within 30 days after entry' set aside a final order. There is no

suggestion that the filing of a notice of motion will satisfy the requirement of a motion. A notice of motion serves separate and distinct purposes from those served by a motion. It is but a declaration of intention. It advises interested persons that a motion will be made at a given time and place in the case concerned. If the motion is in fact made, the presence of the executed notice of motion informs the court that the notice according to its terms has been given the persons indicated. A notice of motion is not itself an application to a court, that is, it is not a motion. The plaintiff did not move or apply to the court for a vacation of the order of dismissal within 30 days and therefore did not meet the requirement of section 50(5)."

Even if we could consider the original section 72 petition as a nullity because the defendant was not personally served, the plaintiff's appeal would be without merit since the later petition was filed several months after the two year period for filing a section 72 petition had expired. (Ill. Rev. Stat. 1977, ch. 110, par. 72(3).) In any event, we cannot regard the first petition as a nullity. The defendant in her answer not only moved to dismiss the petition because she was not properly served but moved to dismiss the motion as failing to state sufficient grounds to vacate the dismissal and denied that the plaintiff had exercised due diligence. By contesting the merits of the petition, the defendant entered a general appearance and submitted to the jurisdiction of the trial court. *Donoghue v. Kohlmeyer & Co.* (1978), 63 Ill. App. 3d 979, 380 N.E.2d 1003; *Goldberg v. Goldberg* (1975), 27 Ill. App. 3d 94, 327 N.E.2d 299.

Accordingly, we dismiss the appeal since the requirement that an appeal be taken within 30 days after the final order is entered is jurisdictional and the court has no power to entertain the appeal.

Dismissed.

JIGANTI, P. J., and LINN, J., concur.