CITY WIDE CARPET, INC., Plaintiff-Appellee, *v.* HARRY P. JOHN *et al.*, Defendants-Appellants.

First District (1st Division)    No. 78-1618

Opinion filed April 21, 1980.—Rehearing denied May 27, 1980.

Martin, Drucker, Karcazes & Duax, of Chicago (George D. Karcazes, of counsel), for appellants.

Sidney Z. Karasik and Stewart Weltman, both of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The defendants, Harry P. John and Patricia John, bring the present appeal from a denial of their joint motion for a rehearing of the denial of their individual section 72 petitions. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The section 72 petitions sought to vacate the default judgment of foreclosure and sale of the parties' marital home. For the hereinafter stated reasons we find that we lack jurisdiction and therefore dismiss this appeal.

The pertinent facts follow. On March 15, 1976, Bell Federal Savings and Loan Association (hereinafter Bell) filed a complaint to foreclose the mortgage on a residence located at 5842 North Artesian Avenue in Chicago owned in joint tenancy by the defendants. The complaint alleged that no mortgage payments had been paid since December 1, 1975, and that a principal balance of $13,770.76 remained due on the mortgage. On March 28, 1976, the sheriff returned the summons against the defendants not found. The record in this court contains a "special service" pink slip, purportedly filed by Deputy Sheriff Demos, indicating that five attempts at personal service of the defendants were made at the Artesian address on March 27 and 28. Subsequently, plaintiff's attorney filed an affidavit of nonresidence which stated that the parties could not be found upon due and diligent inquiry and service by publication was made pursuant to section 14 of the Civil Practice Act. Ill. Rev. Stat. 1975, ch. 110, par. 14.

On August 17, 1976, the plaintiff filed an amendment to its complaint adding as additional party defendants: Chicago Title and Trust Company, as trustee under a trust deed, City Wide Carpet, Inc. (hereinafter City Wide), as holder of a judgment lien against the Johns in the amount of $1,440 plus costs, and unknown owners. On March 1, 1977, the trial court entered an order of default against all of the defendants and a judgment of foreclosure directing the judicial sale of the mortgaged property. The trial court also ruled that City Wide's judgment lien was "inferior and junior" to Bell's security interest.

On April 5, 1977, the defendants' property was sold for $50,500 at a sheriff's sale to City Wide. After payment of the amounts due Bell and City Wide, a surplus in the amount of $33,223.40 was recorded. This money was held by the sheriff until further order of the court. On November 21, 1977, Patricia John petitioned the court for her one-half interest in the proceeds of the sheriff's sale. The court granted this petition and awarded her one-half of the proceeds. However, the amount awarded to her by the court was far less than one-half of the $33,223.40 proceeds realized in that the Internal Revenue Service (hereinafter I.R.S.) had seized approximately $28,000 of the proceeds pursuant to a tax lien against Harry P. John. Later, the I.R.S. did return to Patricia John $15,900, an amount equalling her one-half share of the seized proceeds.

On February 14, 1978, Patricia John filed a section 72 petition to vacate the default judgment, alleging *inter alia* that her husband ceased making mortgage payments on the marital home during their separation as a part of a vendetta against her. The petition further alleged that the court lacked jurisdiction over her in that the service by publication was unwarranted because she could have been personally served at the Artesian address during the period in which service was attempted. The petitioner noted that due to the couple's separation only she and the couple's children lived at the house in March of 1976. She also claimed that her first knowledge of the default judgment came at the end of the foreclosure proceedings. The trial court ordered the petitioner to deposit with the clerk of the circuit court the amount of $15,891.70 as a condition precedent for hearing her petition.

On May 4, 1978, Harry John filed a section 72 petition arguing therein that the judgment against him was void for lack of jurisdiction. The petition asserted that he had not lived at the couple's home in 1976, but that he could have been served at his place of business. He further asserted that Bell had knowledge of his business address because they had sent his mortgage statements to that address. The trial court also ordered Harry John to redeliver certain of the proceeds which had been seized by the I.R.S. before allowing him to join in the proceedings.

Bell answered the petitions and argued that neither party could now assert that the court lacked jurisdiction over them in that each had received a benefit from the sale and thus waived their jurisdictional attack. Bell also attacked the petitions on the basis of lack of due diligence. At the trial court's suggestion Bell and City Wide also filed motions to dismiss the defendants' section 72 petitions. Thereafter, on the basis that this suggestion revealed a prejudicial attitude by the trial court, both defendants filed motions for change of venue. On May 16, 1978, the trial court denied both motions for change of venue and both section 72 petitions. The court also denied the defendants' joint June 15, 1978,

motion to vacate the order denying their section 72 petitions. The defendants filed a notice of appeal on July 21, 1978. Before proceeding to a determination of this case, we note that City Wide has filed leave to be substituted in these proceedings as plaintiff-appellee for Bell.

■■ The question of this court's jurisdiction was raised by the court sua sponte at oral arguments. Thereafter, counsel for City Wide and the Johns were invited to respond. Each has chosen to do so. The timely filing of a notice of appeal is mandatory and jurisdictional. (Ill. Rev. Stat. 1977, ch. 110A, par. 301; *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703.) Accordingly, a reviewing court must inquire into its jurisdiction and must thereafter decline to proceed in a cause where jurisdiction is lacking. *Dempster Plaza State Bank v. American National Bank & Trust Co.* (1980), 83 Ill. App. 3d 870, 404 N.E.2d 303; *City Auto Paint & Supply, Inc. v. Brandis.*

Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) provides that a notice of appeal must be filed within 30 days after the entry of a final and appealable order or judgment, unless the court on its own motion undertakes to review the order or a timely post-trial motion is filed. In that case, the 30-day time period is tolled and a party may thereafter file a timely notice of appeal by filing notice within 30 days of the trial court's disposition of the post-trial motion. Ill. Rev. Stat. 1977, ch. 110A, par. 303(a). *E.g., Donlon v. Miller* (1976), 42 Ill. App. 3d 64, 355 N.E.2d 195.

Section 72 of the Civil Practice Act presents a statutory method by which to obtain post-judgment review of final orders, judgments, and decrees after 30 days. (Ill. Rev. Stat. 1977, ch. 110, par. 72(1); *Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 393 N.E.2d 707.) It is designed to bring to the attention of the trial court any fact which, if known to the court at the time judgment was entered, would have altered the judgment (*Putnam v. People* (1951), 408 Ill. 582, 97 N.E.2d 841, *cert. denied* (1953), 344 U.S. 923, 97 L. Ed. 711, 73 S. Ct. 389; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101), but is not a substitute for an appeal or a vehicle to relitigate a matter already validly adjudicated. (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 322 N.E.2d 25.) In order to prevail on a section 72 motion, the petitioner must meet certain specific pleading burdens, including demonstration of a meritorious defense or claim, and due diligence. (See, *e.g., Mitchell v. Seidler* (1979), 38 Ill. App. 3d 478, 386 N.E.2d 284.) Moreover, a party must bring the petition within two years of the entry of the pertinent order, judgment or decree in order to fall within the narrow strictures of the action. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) It is also well established that an order disposing of a section 72 petition is a final and

appealable order. Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3); *Wright v. Thompson* (1977), 50 Ill. App. 3d 149, 365 N.E.2d 556; *Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102, *appeal denied* (1977), 66 Ill. 2d 630.

The issue of whether a motion to vacate the denial of a section 72 motion tolls the period in which an appeal may be filed has recently been addressed in *Dempster Plaza State Bank v. American National Bank & Trust Co.* (1980), 83 Ill. App. 3d 870, 404 N.E.2d 303; *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972; *Sottile v. Suvick* (1979), 79 Ill. App. 3d 631, 398 N.E.2d 877; and *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965. These cases evidence a division in the First District over this question. In each of these decisions but the *Reuben H. Donnelley Corp.* case, this court determined that the 30-day period in which to file an appeal was not tolled by the filing of a motion to reconsider. The *Reuben H. Donnelley Corp.* court decided the case on the merits after rejecting the rationale of the court in *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703, a Fourth District case followed in the other decisions in this district. *City Auto Paint & Supply, Inc.*, in dismissing the appeal because the notice of appeal was filed more than 30 days from the denial of the section 72 petition but within 30 days of the motion to vacate the denial of the section 72 petition, reasoned that if the Supreme Court rules were "strained or extended to permit the tolling of the time for appeal by the procedure engaged in here, there could be an endless succession of such rehearing motions and there would never be a final determination of the dispute." 73 Ill. App. 3d 863, 867.

We have examined the cases cited by the parties as well as the aforementioned authority in this district and find that the purpose of section 72 petitions is best served by the approach stated in *City Auto Paint & Supply, Inc.*, and followed by the majority of decisions reached on that issue in this district. A post-trial motion pursuant to section 72 of the Civil Practice Act is a narrow exception to the rule that post-trial relief must be sought within 30 days. Consequently, for this court to allow an appeal from a motion to vacate the grant or denial of a section 72 petition would appear to be inconsistent with the narrow relief afforded by that section. Moreover, it would require an unduly broad interpretation of the type of post-trial motion which under Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) tolls the running of the period in which to file an appeal.

In reaching this conclusion, we recognize that there is some doubt that the motions presented by the defendants were in fact section 72 petitions. (*First Federal Savings and Loan Association v. Brown* (1979), 74

Ill. App. 3d 901, 393 N.E.2d 574; *G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 357 N.E.2d 180.) However, in that the parties and the trial court have treated the motions as section 72 petitions and due to the fact that we do not think characterization of the motion as a motion to vacate as suggested by *First Federal Savings and Loan Association* would require a different result in light of the general prohibition against successive motions to reconsider (see *Rose v. Centralia Township High School District #200* (1978), 59 Ill. App. 3d 606, 375 N.E.2d 1039), we will treat the defendants' motions as section 72 petitions.

For the reasons stated herein, we conclude that the defendants failed to file a timely notice of appeal and we, therefore, dismiss this appeal.

Appeal dismissed.

GOLDBERG, P. J., and McGLOON, J., concur.