DEMPSTER PLAZA STATE BANK, Plaintiff-Appellee, *v.* AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Defendants-Appellants.—(MT. PROSPECT STATE BANK, Trustee, *et al.*, Appellees.)

First District (2nd Division)    No. 79-2008

Opinion filed March 18, 1980.—Modified on denial of rehearing April 29, 1980.

Prins, Flamm & Susman, Ltd., and Marshall E. Winokur, both of Chicago (Arnold M. Flamm, of counsel), for appellants.

Riordan, Larson, Bruckert & McCambridge, of Chicago, for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Dempster Plaza State Bank, plaintiff-appellee, filed in this court a motion to dismiss the appeal of American National Bank & Trust Company of Chicago, trustee, under trust agreement dated November 28, 1972, and known as Trust No. 77367, and Morris Suson, defendants-appellants.

Because of the history of this litigation in this court, it is deemed appropriate to dispose of this matter by an opinion.

On September 20, 1979, the defendants filed in this court a motion for leave to file a notice of appeal pursuant to Supreme Court Rule 303(e). (Ill. Rev. Stat. 1977, ch. 110A, par. 303(e).[1]) This motion, sworn to by Myron Minuskin as attorney for the defendants, set forth that: on December 7, 1978, a judgment of foreclosure and sale was entered in the circuit court of Cook County (cause No. 77 CH 2502) and no appeal followed; on June 13, 1979, a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) was filed and dismissed on July 23, 1979; on August 10, 1979, a motion to reconsider was filed and denied on August 15, 1979.

Relying on *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 866, 392 N.E.2d 703, this court (our cause No. 79-1497) denied defendants leave to file the notice of appeal on October 17, 1979.

[1] Rule 303(e) reads:
"On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal, filed in the reviewing court within 30 days of the expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." Ill. Rev. Stat. 1977, ch. 110A, par. 303(e).

On January 30, 1980 (No. 52797), the Supreme Court of Illinois denied defendants' petition for leave to appeal from our October 17, 1979, order. 79 Ill. 2d 625.

Notwithstanding this court's order, on November 16, 1979, defendants filed in this court the record from cause 77 CH 2502, Circuit Court of Cook County. Pursuant to Supreme Court Rule 327 (Ill. Rev. Stat. 1977, ch. 110A, par. 327), the appeal was docketed in this court as cause No. 79-2008.[2] Included in the record is the notice of appeal signed by Myron Minuskin as attorney for defendants-appellants. Also included in the record is a "Notice of Filing of Praecipe For Record and Proof of Service" filed with the clerk of the circuit court on November 16, 1979, by Myron Minuskin. On February 8, 1980, the defendants-appellants' brief was filed by Arnold M. Flamm and Marshall E. Winokur as attorneys for defendants-appellants. Included in the brief is a copy of the notice of appeal. The statement of facts sets forth in detail the proceedings in the trial court. However, we are unable to locate in the brief any reference to the order of this court entered October 17, 1979, denying defendants leave to file the appeal pursuant to Supreme Court Rule 303(e).

I.

On December 7, 1978, the trial court entered its judgment of foreclosure and sale against defendants. No appeal followed. Thereafter on March 21, 1979, the trial court entered an order approving the sheriff's report of sale and distribution and directing the sheriff to execute and deliver his sheriff's deed. On June 14, 1979, defendants filed a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72). On July 23, 1979, the trial court entered its order dismissing the section 72 petition. The trial court in its order noted that no appeal had been taken, that no new facts were set forth, and that the defendants were not diligent. On August 10, 1979, defendants filed a motion to reconsider which was denied on August 15, 1979.

*City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703, involved an action to vacate the entry of a default judgment entered May 10, 1977. On September 20, 1977, a petition to vacate the judgment was filed and denied on June 30, 1978. On July 19, 1978, defendant filed a motion for rehearing, seeking a reconsideration of the motion to vacate. That was denied on September 18, 1978, and a notice of appeal was filed on October 16, 1978. Thus, the chronology of events is basically the same in *City Auto Paint* as in the instant cause. In pointing

---

[2] So far as can be determined, our clerk's office was not advised of the fact that the same parties and cause were before this court in case No. 79-1497. Information regarding related cases is now required in our docketing statements now required to be filed pursuant to Supreme Court Rule 303 as modified October 15, 1979.

out the lack of diligence and failure to present a meritorious defense, this court said:

"If the rules of appellate procedure were strained or extended to permit the tolling of the time for appeal by the procedure engaged in here, there could be an endless succession of such rehearing motions and there would never be a final determination of the dispute. [Citations.]

For the reasons stated herein, we conclude the defendant failed to timely file notice of appeal and we, therefore, dismiss this appeal." 73 Ill. App. 3d 863, 867.

■▋ Likewise, in the instant cause the record clearly establishes a lack of diligence on the part of defendants. From December 7, 1978, when the trial court entered the judgment of foreclosure and sale until June 14, 1979, when a section 72 petition was filed, the defendants did nothing, even though during that time the property was sold and sheriff's deed delivered in March 1979. Notwithstanding all of the aforesaid, no notice of appeal was filed until September 14, 1979.

■▋ Supreme Court Rule 303(a) contemplates the prompt and orderly prosecution of an appeal. Motions to reconsider the court's ruling on a section 72 petition should not be used to toll the time for appeal. (*Cf. Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900.) In our opinion the defendants failed to file a timely notice of appeal.

As noted earlier, plaintiffs filed a motion to dismiss this appeal. In opposition thereto defendants cite two decisions of a different division (Fourth Division) of this court. (*Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 731-32, 398 N.E.2d 972, and *Sottile v. Suvick* (1979), 79 Ill. App. 3d 631, 632, 398 N.E.2d 877, 878.) Defendants point out that in *Donnelley* the Fourth Division of this court rejected the *City Auto Paint* case. As we read the *Donnelley* case, the court decided the case on its merits (79 Ill. App. 3d 726, 731). By way of dicta the opinion noted the *City Auto Paint* case and indicated its reasoning did not apply in the *Donnelley* case.

In *Sottile*, the Fourth Division held that the filing of a motion for rehearing or reconsideration of a section 72 petition does not extend the time for filing the notice of appeal. The *City Auto Paint* case was followed.

We have reviewed the other authorities cited by defendants but we find them unpersuasive.

II.

We next comment on the filing of this appeal in view of our order dated October 17, 1979.

Based on the time problems set forth in Supreme Court Rule 303, the defendants correctly filed, pursuant to Rule 303(e) a motion for leave to

874

file a notice of appeal (case No. 79-1497). That was denied on October 17, 1979. Nevertheless, without disclosing any relationship to case No. 79-1497, the record was filed in this case on November 16, 1979. There is no dispute that when attorneys Arnold M. Flamm and Marshall E. Winokur filed the record in this case on November 16, 1979, it was with knowledge of the October 17, 1979 order of this court. In fact the petition for leave to appeal from our October 17, 1979 order filed with the Illinois Supreme Court on December 10, 1979 (No. 52797) on behalf of defendants was filed by the said attorneys.

The orders of a court are to be followed unless and until such orders are reversed or modified by a higher court. In their petition for rehearing in this court, counsel assert they had the right to file the instant appeal pursuant to Supreme Court Rule 303(a). We believe counsel should have clearly noted at the time of filing the new appeal the relationship between the two appeals. Early disclosure of complete information aids in the efficient administration of the appellate process. In fact the docketing statements now in use in this district, as required by Rule 303, compel such disclosure.

The motion to dismiss the appeal is granted.

Appeal dismissed.

PERLIN, P. J., and HARTMAN, J., concur.