*In re* MARRIAGE OF ANITA KIRK, Petitioner-Appellant, and CHARLES KIRK, Respondent-Appellee.

First District (4th Division)    No. 79-920

Opinion filed May 22, 1980.

Jerome Marvin Kaplan, of Chicago, for appellant.

Vincent F. Vitullo, of Chicago, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The petitioner, Anita Kirk, appeals from an order of the circuit court of Cook County which vacated those portions of a judgment of dissolution of marriage relating to property, maintenance, support, custody, visitation and attorney's fees under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) On appeal Anita Kirk argues (1) the trial court did not have jurisdiction to hear Charles Kirk's section 72 petition or to grant relief thereunder because the court had previously denied a section 72 petition in which Charles Kirk requested

the same relief on the same grounds; and (2) the trial court erred in granting the relief requested in the second section 72 petition because it did not state grounds for relief.

Anita Kirk filed for divorce on March 18, 1977. The cause was heard by Judge Fleck on October 14, 1977. Although Charles Kirk had filed a response the matter was heard by agreement as if it were a default proceeding. Charles Kirk remained outside the courtroom during the hearing, but his counsel was present and participated in the proceeding.

After grounds for dissolution were established, Anita Kirk testified that on June 30, 1977, the parties had entered into a written settlement agreement. The agreement provided in part that Charles Kirk was to pay Anita Kirk $7200 per year as unallocated child support and maintenance in semimonthly installments of $300.

Anita Kirk testified that she was earning $70 net per week and that Charles Kirk was earning $263 net per week ($13,676 net annually). She testified that at the time the settlement agreement was executed Charles Kirk was also earning $100 gross per week ($5200 annually) from part-time employment at a massage parlor. It was represented by the parties that because of Charles Kirk's ill health he was not working at the massage parlor at the time of the hearing but that the parties expected that he would resume working there within two weeks.

The trial judge directed that the judgment of dissolution specifically state that the $7200 annual unallocated child support and maintenance award was predicated upon Charles Kirk having two jobs and that it specify his earnings from each job. The trial judge directed that this provision be included because he did not believe the settlement agreement would be workable unless Charles Kirk actually resumed working at his second job. He did not want the parties to be "confronted with post decree motions and expenses" in the event that Charles Kirk did not return to his second job.

On December 14, 1977, a written order and a judgment of dissolution was submitted by the parties and entered by the court. It incorporated the written settlement of June 30, 1977, and contained a statement that the $7200 annual unallocated support and maintenance award was predicated upon Charles Kirk's gross annual income of $21,600 ($415.38 weekly). The judgment did not state that the maintenance/support award was predicated upon Charles Kirk having two jobs or set forth his income from each.

On December 29, 1977, Charles Kirk filed a petition to set aside the property settlement on the ground that it was procured by fraud and deceit. Anita Kirk moved to dismiss the petition on the ground that it was actually a section 72 petition and therefore improperly filed in the post-judgment motions section of the court. On June 21, 1978, Charles Kirk

filed an affidavit stating that he was on that date earning $314.35 net per week and that he was employed at one job. Judge Grupp conducted a hearing on Charles Kirk's petition on June 21, 1978. On June 23, 1978, Judge Grupp found that there was no material change in circumstances since the the entry of the judgment of dissolution with regard to the parties' income and denied Charles Kirk's petition.

On August 28, 1978, Nathan Gomberg was granted leave to substitute as attorney for Charles Kirk. On September 14, 1978, Charles Kirk filed a section 72 petition requesting that those portions of the judgment of dissolution relating to child support, maintenance, and attorneys' fees be vacated on the grounds that they were "improperly and erroneously" entered because the judgment did not contain the provision that the child support/maintenance award was predicated upon the respondent having two jobs and did not set forth the salary earned from each of the jobs as had been directed by the trial judge.

The matter was heard by Judge Fleck on October 26, 1978. On that date the court entered an order "on the petition of Charles Kirk, respondent, under section 72" finding that the December 14, 1977, judgment of dissolution failed to contain a finding that the separation agreement was predicated upon the respondent having two jobs at which he earned $263 net per week and $100 gross per week and that this finding had been directed by the court to be included. The court ordered that within 14 days the judgment of dissolution be corrected *nunc pro tunc* to December 14, 1977, to include a finding that "the settlement agreement of the parties is predicated upon Charles Kirk having a new income from his main source of employment of $263 per week and a part time employment gross income of $100 per week."

After informing the parties of his ruling, the trial judge stated that any matters pertaining to a modification of the property, support, or maintenance provisions of the judgment of dissolution would have to be brought before the post-judgment motions court. In response to a request by Charles Kirk, the trial judge expressly refused to consider what the property, support, or maintenance award should have been at the time of the judgment of dissolution and instead referred the matter to the post-judgment motions court. The court refused to vacate the December 14, 1977, judgment as Charles Kirk had requested in his section 72 petition or to grant a trial *de novo* on the property, support and maintenance issues. Charles Kirk did not appeal from the court's order or petition for a rehearing.

On January 18, 1979, Charles Kirk, by his trial attorney, Nathan Gomberg, filed another section 72 petition requesting that the judgment of dissolution be vacated except for those portions relating to grounds. The petition was based upon the allegations that on October 26, 1978: (1)

the trial court had found the judgment of dissolution lacked provisions which the trial court had directed to be included; (2) the trial court had found that the terms of the judgment were unconscionable; (3) the trial court had ordered that Charles Kirk's section 72 petition of September 14 be suspended; (4) the trial court had directed Anita Kirk's attorney to file the corrected judgment; and, (5) Anita Kirk's attorney failed to follow the court's decision. We note that all except the first of these allegations are unsupported by the record.

On January 24, 1979, the trial court granted the January 18, 1979, petition, vacated the December 14, 1977, judgment of dissolution except those portions relating to grounds, and set the cause for hearing. Anita Kirk filed a petition for a rehearing on February 20, 1979. On March 5, 1979, her petition for a rehearing was denied. Anita Kirk appeals the trial court's orders of January 24, 1979, and March 5, 1979.

■■ Section 72 of the Civil Practice Act sets forth the procedure by which a final judgment or order can be modified, vacated, or set aside after the expiration of 30 days from its entry. The purpose of a section 72 petition is to bring before the trial court facts which do not appear on the record, which, if known to the trial court at the time the judgment was entered, would have prevented its rendition. (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 403 N.E.2d 615; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.) A section 72 petition cannot be used to relitigate questions already validly adjudicated (*Davis; Brunswick v. Mandel* (1973), 15 Ill. App. 3d 502, 305 N.E.2d 9), and the trial court has no authority to grant relief under a section 72 petition which raises the same issues as those raised in a previous section 72 petition. *Werth Industries, Inc.*

Charles Kirk contends that the trial court treated his first section 72 petition as a petition to modify the December 14, 1977, judgment rather than as a request to vacate that judgment. He argues that it was therefore proper to file the second petition requesting that the court vacate the judgment on the same grounds as had been raised in his first section 72 petition.

We do not agree. Charles Kirk's January 18, 1978, petition restates his September 14, 1978, petition. On October 26, 1978, the trial court entered an order on the September 14, 1978, petition. It did not grant the relief requested but instead ordered that the judgment be corrected. The trial court expressly stated that it would not grant a trial *de novo* on the property, support, and maintenance issues but would merely correct the judgment. The trial court stated it would not modify the judgment and directed Charles Kirk to seek modification before the post-judgment motions judge. Thus, the January 18, 1979, petition alleged a basis for relief and sought a remedy which had previously been asserted before

and rejected by the trial court. Accordingly the second petition failed to comply with the requirements of a proper section 72 petition and the trial court was without authority to entertain the petition or to grant the relief requested therein.

■■ Further, Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) provides that notice of appeal must be filed within 30 days after entry of the final judgment appealed from. Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)) provides that "[a] judgment or order granting or denying any of the relief prayed in a petition under section 72 of the Civil Practice Act" is appealable without a finding by the court that there is no reason for delaying enforcement or appeal. Reading these statutory provisions together, it is clear that a party has 30 days from the denial of a section 72 petition within which to file notice of appeal. *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703.

■■ Charles Kirk did not appeal from the order of October 26, 1978, in which the trial court declined to grant his request for vacation of the judgment of December 14, 1977. To allow him to file a petition alleging the same grounds and seeking the same relief after 30 days had expired would not only violate the policy of Rule 303(a) in favor of the prompt and orderly prosecution of appeals but would render it a nullity. (See *Drafz v. Parke, Davis & Co.* (1980), 80 Ill. App. 3d 540, 400 N.E.2d 515; *Sottile v. Suvick* (1979), 79 Ill. App. 3d 631, 398 N.E.2d 877.) As occurred in this case, a party could defeat the rule and delay appeal merely by filing successive and repetitious motions to vacate. On this basis, reviewing courts have consistently held that they were without jurisdiction to hear appeals from the denial of such successive section 72 motions. *Dempster Plaza Bank v. American National Bank & Trust Co.* (1980), 83 Ill. App. 3d 870, 404 N.E.2d 303; *Davis*; *Sottile*; *City Auto Paint & Supply, Inc.*

Accordingly, we conclude that the trial court erred in entertaining the January 18, 1979, petition and in vacating the December 14, 1977, judgment. *Werth Industries, Inc*; *Elliot Construction Corp. v. Zahn* (1968), 99 Ill. App. 2d 112, 241 N.E.2d 129.

Due to our resolution of this appeal on the aforementioned ground, it is not necessary to reach the other issue raised by Anita Kirk. For the reasons set forth above the vacatur order of January 24, 1979, is reversed and the cause is remanded with directions to reinstate the judgment of December 14, 1977.

Reversed and remanded with directions.

LINN, P. J., and ROMITI, J., concur.