THE PEOPLES GAS LIGHT AND COKE COMPANY, Plaintiff-Appellant, *v.* WILLIAM HENNING RUBIN, Defendant-Appellee.

First District (4th Division)    No. 79-1935

Opinion filed September 18, 1980.

Paul M. Heller, of Wexler, Wexler & Heller, Ltd., of Chicago, for appellant.

William Henning Rubin, of Chicago, for appellee, *pro se*.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Peoples Gas Light and Coke Company, appeals from an order vacating an *ex parte* judgment previously entered against defendant, William H. Rubin. Plaintiff contends that the trial court was without authority to entertain defendant's third section 72 petition or to grant the relief requested.

On March 29, 1978, plaintiff filed a complaint against defendant to recover monies allegedly due and owing for gas service to the premises at 5744-46 South Indiana Avenue in Chicago. The complaint alleged that pursuant to an order entered in City of Chicago v. Aaron Gaston, 76 CH 56414, on January 3, 1977, defendant assumed liability for the service provided. Defendant, an attorney, filed his appearance *pro se*, and on June 1, 1978, filed a motion to strike the complaint in lieu of an answer. On August 17, 1978, an *ex parte* judgment in the sum of $2025.66 plus costs was entered against defendant. Defendant's motion for a hearing to vacate and dismiss the judgment was set for December 18, 1978, but he failed to appear and the motion was stricken.

On January 31, 1979, defendant presented a section 72 petition to vacate the order striking his motion to dismiss alleging that the order of August 17, 1978, was void, that any action against him is barred by *res judicata*, and that defendant's motion to dismiss the proceedings was entered *ex parte* and was an error of the court clerk. This motion was denied on March 1, 1979.

On March 29, 1979, defendant filed another motion to vacate the judgment again contending that it was barred by *res judicata*. He also asserted that he had appeared in court, but the file could not be located. On May 16, 1979, defendant filed documents in conjunction with this motion in which he also alleged that he had satisfied his obligation to pay for the gas service provided by plaintiff. The matter was heard on that date and the motion to vacate was denied. The court rejected defendant's contention that the order of August 17, 1978, was void because of *res judicata*.

On June 15, 1979, defendant filed a motion to spread of record the order of Judge Hooten entered on March 20, 1978, in 76 CH 56414, and a record of the payments made to plaintiff for the gas service through May 17, 1977, the date on which the previous case was dismissed. The matter was heard on August 15, 1979, before the same judge who heard the previous petition. After entertaining oral arguments from both sides, the *ex parte* judgment was vacated and the matter was set for trial. This appeal follows.

■■ We note initially that the record in the instant case indicates that defendant has filed successive motions and petitions directed at vacating

the *ex parte* judgment entered against him on August 18, 1978. Since all these filings were more than 30 days after the entry of judgment, the petitions must be treated as section 72 petitions. See *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965.

Plaintiff contends that by filing a third section 72 petition, defendant merely attempted to delay and stay the appeal process, a tactic rejected by the courts in *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703, and *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965. Plaintiff concludes that the orders denying defendant's previous section 72 petitions were final and appealable, and the trial court therefore lacked jurisdiction to entertain any further petitions directed at vacating the *ex parte* judgment. We agree.

■■ Section 72 of the Civil Practice Act provides a statutory procedure by which final orders, judgments and decrees may be vacated after 30 days of their entry (Ill. Rev. Stat. 1977, ch. 110, par. 72(1)). The purpose of a section 72 petition is to bring before the court matters of fact not appearing in the record, which, if known to the court at the time the judgment was rendered, would have prevented its rendition. *(Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.) In order to warrant relief under section 72, the petitioner must meet certain specific pleading burdens, including demonstration of a meritorious defense or claim and due diligence. See *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284.

In the case at bar, the petition filed by defendant on March 29, 1979, was denied in an order dated May 16, 1979. Within 30 days of that order, defendant filed yet another petition which was in effect a consolidation and repetition of his prior unsuccessful motions and contained nothing which was not or could not have been included in his previous petitions. The record indicates that defendant had previously raised his claims that the *ex parte* judgment was void because of *res judicata* and that he had satisfied any obligation for the gas service provided by plaintiff.

■■ Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) provides that a notice of appeal must be filed within 30 days after the entry of a final and appealable order or judgment, and according to Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)), a judgment or order granting or denying the relief prayed in a section 72 petition is appealable. Applying these rules to the instant case, we find that the proper recourse for defendant following the denial of his section 72 petition was appeal. (See, *e.g., Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 404 N.E.2d 554.) A section 72 petition cannot be invoked as a substitute for a timely appeal *(Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 403 N.E.2d 615), nor can it be used to relitigate questions already

validly adjudicated (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 322 N.E.2d 25). In addition, a trial court has no authority to grant relief under a section 72 petition which raises the same issues as those raised in a previous section 72 petition. *In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805.

The course of action pursued by the defendant in this case exemplifies the situation described by the court in *City Auto Paint & Supply, Inc. v. Brandis*.

> "If the rules of appellate procedure were strained or extended to permit the tolling of the time for appeal by the procedure engaged in here, there could be an endless succession of such rehearing motions and there would never be a final determination of the dispute." (73 Ill. App. 3d 863, 867.)

By filing successive and repetitious motions to reconsider, any party could delay appeal and defeat the supreme court rules rendering them a nullity. In accord, *In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805; *City Wide Carpet, Inc. v. John* (1980), 83 Ill. App. 3d 538, 404 N.E.2d 465; *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 375 N.E.2d 1039; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900.

■■ Under the circumstances presented in this case, we conclude that the trial court erred in entertaining successive section 72 motions following the entry of a final and appealable order denying defendant relief, and in vacating the judgment of August 17, 1978. (*Elliott Construction Corp. v. Zahn* (1968), 99 Ill. App. 2d 112, 241 N.E.2d 129; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.) The order of August 15, 1979, is therefore reversed and the cause remanded with directions to reinstate the judgment entered in favor of plaintiff on August 17, 1978.

Reversed and remanded.

JIGANTI and ROMITI, JJ., concur.