*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1974 AND PRIOR YEARS.—(OMER TROLARD, Respondent-Appellant, *v.* MARVIN BOHNENSTIEHL *et al.*, Petitioners-Appellees.)

Fifth District    No. 80-238

Opinion filed April 15, 1981.

WELCH, J., dissenting.

Raymond J. Nester, of Belleville, for appellant.

Freeark, Harvey & Mendillo, of Belleville (Ted Harvey, of counsel), for appellees.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Respondent, Omer Trolard, seeks to appeal a judgment entered November 21, 1979, in the circuit court of Madison County, Illinois. The judgment in favor of petitioners Marvin, Loretta and Gregory Bohnenstiehl was entered pursuant to their motion under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) which sought to vacate an October 18, 1978, order of the same court. The October order authorized the issuance of a deed in favor of the respondent for certain real property located in Granite City, Illinois, which Trolard had acquired an interest in following its sale for collection of delinquent taxes. Respondent wishes to determine issues concerning fraud and diligent inquiry regarding notice to the Bohnenstiehls of proceedings for the issuance of the tax deed. (See

generally Ill. Rev. Stat. 1977, ch. 120, pars. 747, 744.) Because we lack jurisdiction to review the judgment of November 21 we are unable to adjudicate the matters presented. Appeal is dismissed.

Appellees initiated this action to vacate the October order on February 9, 1979. Section 72 is designed to be the principal mechanism for relief from judgments after 30 days from entry. As is stated in section 72(2), the petition is considered to be a wholly new action independent of the proceedings from which relief is sought, and it is a narrow exception to the rule that post-trial relief must be sought within 30 days. The November judgment granted relief upon finding that the notice given to the owners was inadequate under the facts presented and upon finding fraud in the contents of Trolard's May 11, 1978, petition for issuance of the deed. Respondent's notice of appeal from the November 21 judgment was filed May 23, 1980, approximately six months after the date of judgment.

In the interim between November 1979 and May 1980 Trolard was granted an extension of time in which to present a post-trial motion under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3) regarding the section 72 proceeding. The motion finally submitted was denied following a hearing on April 24, 1980.

■■■ Timely notice of appeal in this court must be filed within 30 days of the date on which the circuit court judgment becomes final. (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a).) The filing of the notice of appeal is the sole jurisdictional act which initiates review. (Ill. Rev. Stat. 1979, ch. 110A, par. 301.) Questions of jurisdiction must be raised by the reviewing court *sua sponte* where, as here, the parties have made no reference to its presence or absence. And, where the authority to recognize a cause for adjudication is lacking it must decline to proceed. (*Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 227, 332 N.E.2d 553.) Supreme Court Rule 304(b)(3) makes a judgment granting any of the relief prayed for in a petition under section 72 final, and therefore appealable. Ill. Rev. Stat. 1979, ch. 110A, par. 304(b)(3), derived from Ill. Rev. Stat. 1967, ch. 110, par. 72(6).

The appellate court has held on numerous occasions that motions to reconsider rulings on section 72 petitions are not to be used in order to toll the period allowed for the prosecution of a timely appeal. (*E.g., City Wide Carpet, Inc., v. John* (1980), 83 Ill. App. 3d 538, 542, 404 N.E.2d 465; *Dempster Plaza State Bank v. American National Bank & Trust Co.* (1980), 83 Ill. App. 3d 870, 873, 404 N.E.2d 303; *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 866, 392 N.E.2d 703; contra, *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 731-32, 398 N.E.2d 972. See also *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 99, 322

N.E.2d 496.) We are bound, therefore, by precedent to dismiss the present appeal for want of jurisdiction because of the failure to file a timely notice of appeal.

Appeal dismissed.

JONES, J., concurs.

Mr. JUSTICE WELCH, dissenting:
As recognized by the majority, an appeal must be within 30 days of the denial of a section 72 petition in order to be timely. The petitioner may not toll that time limit by filing a motion to reconsider that denial. However, to penalize the opponent of a petition who files a motion to reconsider the granting of the petition by dismissing his appeal as untimely is an unwarranted extension of that rule.

In *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703, the section 72 petitioner filed a motion to reconsider the denial of his petition. His notice of appeal was filed within 30 days of the denial of the motion to reconsider, but more than 30 days after the denial of the section 72 petition. The Fourth District Court dismissed the appeal and held that "an appeal must be taken within 30 days of the denial of a Section 72 petition." 73 Ill. App. 3d 863, 866, 392 N.E.2d 703, 705.

*Brandis* has been followed by many cases, mostly in the First District. Some of these cases enunciated a broader rule than in *Brandis*, and stated that an appeal must be taken within 30 days of the granting or denial of the petition. But this expansion of the *Brandis* rule was done in *dicta*, for those cases (including those cited by the majority) which have followed *Brandis* have only been concerned with appeals following the denial of a section 72 petition. *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965; *Sottile v. Surick* (1979), 79 Ill. App. 3d 631, 398 N.E.2d 877; *Dempster Plaza State Bank v. American National Bank & Trust Co.* (1980), 83 Ill. App. 3d 870, 404 N.E.2d 303; *City Wide Carpet, Inc. v. John* (1980), 83 Ill. App. 3d 538, 404 N.E.2d 465; *In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805, 407 N.E.2d 562; *Peoples Gas Light & Coke Co. v. Rubin* (1980), 89 Ill. App. 3d 244, 411 N.E.2d 886; *Dulin, Thienpont, Potthast & Snyder, Ltd. v. Packaging Personified, Inc.* (1980), 89 Ill. App. 3d 647, 411 N.E.2d 1173.

Where the section 72 petition has been granted, followed by a motion to reconsider and then an appeal by the opposing party, the courts have not dismissed the appeal on the ground that it was not perfected within 30 days of the granting of the petition. That situation, in essence, was presented in *Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18, 401 N.E.2d 1049. The court recognized the

conflict between those cases which followed *Brandis* and those which did not, but it did not decide the issue. Nonetheless, the appeal was heard on its merits.

The issue was faced in *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 926, 398 N.E.2d 972, which is procedurally similar to this case. In *Donnelley*, the defendant's section 72 petition was granted on August 4, 1978. The plaintiff filed a motion to set aside the order of August 4. It was denied on September 29, 1978, and a notice of appeal was filed on October 24, 1978. Although it did not discuss the distinction between the granting and the denial of section 72 relief, the court refused to apply the *Brandis* rule, and did not dismiss the appeal.

Under *Donnelley*, and, to lesser extent, *Hallmark*, the opponent of a section 72 petition has an opportunity to file a motion to reconsider an order granting that petition. He need not appeal within 30 days of the granting of the petition if he files a timely motion to reconsider. The *Brandis* line of cases, relied upon by the majority, does not contradict *Donnelley*, and therefore does not support dismissal of this appeal.

Moreover, the practical considerations which point to the application of the *Brandis* rule when a section 72 petition is denied do not exist if that petition is granted. If the petition is denied, there will be no further action by the trial court, and, according to Brandis, the only remedy open to the unsuccessful petitioner would be an appeal. To allow that petitioner to file a motion to reconsider the denial would, as noted in *Brandis*, permit the petitioner to take up the trial court's time and to toll the 30-day appeals time limit by filing a second, repetitive motion. The *Brandis* rule is a sound method to encourage diligent prosecution of appeals in this situation.

Different considerations prevail, though, when the petition is granted. In that procedural setting, the majority would place the opponent of the petition in a dilemma. He must either accept the granting of the petition and proceed to a new trial, or he must appeal the granting of the petition within 30 days. Both choices are burdensome and expensive. Instead of requiring the opponent of the petition to make this onerous decision, I would allow him the option to present his grounds for opposing the petition to the trial court. Resolution of disputes at the trial level is a generally worthwhile policy to encourage. This is especially so when the alternatives are a new trial or an appeal.

Furthermore, the concerns expressed in *Brandis* and in other cases (*Czubak; Rubin*) about preventing the use of multiple, repetitive motions for rehearing to delay the time for taking an appeal are not relevant here. First, the opponent of the petition cannot be said to file a repetitious motion when he files a motion to reconsider the order granting the petition, because, unlike the petitioner, the opponent has filed no previous

motion in connection with the petition. Second, if the opponent does file a second motion for reconsideration, adequate safeguards exist in the case law to dismiss the appeal. *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 375 N.E.2d 1039; *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 415 N.E.2d 1060.

In my opinion, neither precedent nor practical considerations support the majority's dismissal of this appeal. Accordingly, I dissent from that order of dismissal, and I would decide this appeal on its merits.