MICHAEL VAN SLAMBROUCK, Plaintiff-Appellant, *v.* MARSHALL FIELD & COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-1030

Opinion filed July 16, 1981.

William F. Maddux & Associates, of Chicago (William J. Harte, Ltd., of counsel), for appellant.

Charles H. Cole, Stephen R. Swofford, and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, all of Chicago (Mark D. Wilcox, of counsel), for appellees.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiff, after having voluntarily dismissed with prejudice his claim against one of the defendants in his suit, sought to have the dismissal order vacated. The trial court denied both this motion and a section 72 motion for relief. Subsequently the plaintiff filed a new action against the dismissed defendant; this complaint was also dismissed with prejudice. The plaintiff now appeals from all these orders. We hold:

1. that the trial court properly refused to vacate the order, despite its power to do so under Supreme Court Rule 304(a), since the plaintiff by voluntarily dismissing the action with prejudice abandoned the claim;

2. that the plaintiff was required to appeal the denial of its section 72 motion within 30 days of its denial, and having failed to do so, cannot now seek review of the order;

3. that the dismissal of the new complaint was not appealable since the court did not enter under a section 304(a) order.

On November 10, 1973, the plaintiff, Michael Van Slambrouck, an employee of Lien Chemical Company, was seriously injured by a bailing machine owned and operated by defendant-appellee, Marshall Field & Co. On July 24, 1974, he filed suit against Marshall Field, Economy Baler Company, the manufacturer of the machine, and Howell Electric Motor Works, a manufacturer of electrical components. Marshall Field filed a third-party complaint against Lien Chemical Company for indemnity for attorney's fees based upon a written contract. This claim was subsequently severed from the original action. Marshall Field also filed a counterclaim against Economy Baler for indemnification in the event judgment was entered for plaintiff.

On October 6, 1976, after discovery was completed plaintiff moved for the dismissal, with prejudice, of his suit against Marshall Field. The motion was granted. At the same time Marshall Field's counterclaim was dismissed. Both the plaintiff's action against Economy Baler and Marshall Field's action against Lien Chemical remained. Plaintiff's action against Economy Baler has not yet gone to trial. Although summary judgment was entered on August 6, 1979, on the issue of Lien Chemical's liability to Marshall Field, the amount of damages also remained to be tried as of September 30, 1979.

At the end of 1976, plaintiff's original counsel withdrew from the case and new counsel was retained.

On August 30, 1979, the plaintiff filed a motion to vacate the voluntary dismissal order entered on October 6, 1976, contending that the accident was caused by Marshall Field's removal of two parts of the machine. Plaintiff further alleged that since the date of the dismissal order no further discovery had taken place to prejudice Marshall Field. On September 18, 1979, plaintiff filed a section 72 petition contending that in its answers to interrogatories Marshall Field represented that it had made no modifications in the machine whereas the evidence was to the contrary.

After hearing the evidence and arguments of counsel, the trial court on November 27, 1979, found that the evidence did not establish fraudulent concealment by Marshall Field and denied both motions. A finding in the order, which was prepared by Marshall Field's attorney, that there was no just cause to delay enforcement or appeal of the order was stricken by the judge. This was done to avoid a piecemeal appeal since on November 15, 1980, the plaintiff had filed a new lawsuit against Marshall Field. This lawsuit, like the first one, was based upon strict liability in tort. In this action plaintiff alleged that he neither knew or could have known of the defect until 1979. The record indicates that this

case was consolidated with the 1974 case. On March 4, 1980, this new complaint was dismissed with prejudice, the court ruling as a matter of law that the defect should have been discovered earlier. The court also found that "this is not, nor is it intended to be a final order." Apparently this was done to prevent appeal of this second case before the termination of the 1974 case. On March 28, 1980, an order was entered making the order of November 27, 1979, final and appealable as of March 28, 1980, and providing that the time for appeal should begin as of that date. The plaintiff appealed on April 3, 1980, from both the order of November 27, 1979, and that of March 4, 1980.

## I

■■ It appears from the record that the trial court refused to vacate the voluntary dismissal because it believed it had no power to do so. As we recently held in *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, ___ N.E.2d ___, this belief was erroneous. Since the case was dismissed only as to one defendant and was continued as to another defendant the court had jurisdiction under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)) to set aside that order. Nevertheless, while the court, believing that it had no jurisdiction, failed to exercise its discretion under Supreme Court Rule 304(a), we find no error since the plaintiff, having dismissed the claim against Marshall Field with prejudice, abandoned that claim as a matter of law. A dismissal with prejudice is tantamount to an adjudication on the merits. (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 655; *Village of Arlington Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 391 N.E.2d 108.) Once a cause of action has been adjudicated on the merits, whether by a dismissal with prejudice or by an adjudication after trial, the plaintiff is barred by the doctrines of *res judicata* and collateral estoppel from bringing a second action against the same defendant alleging any matter relating to the same causes of action which was or might have been litigated in the first suit. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831, *appeal denied* (1979), 79 Ill. 2d 609.) Thus it seems clear that plaintiff abandoned not only his position and rights (*Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, ___ N.E.2d ___), but even the claim itself.

## II

We have no jurisdiction over the appeal from either the denial of the section 72 motion or the dismissal of the second suit. Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)) provides:

"If multiple parties or multiple claims for relief are involved in an

action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties."

■■ ■ Because the 1971 action was consolidated with the 1974 action, because after the dismissal of the 1979 action, the 1974 action was still pending against at least one defendant, and because the trial court did not enter a section 304(a) finding, the dismissal, while with prejudice, was not appealable, and we have no jurisdiction to review it. *Wilson-Jump Co. v. McCarthy-Hundrieser & Associates* (1980), 85 Ill. App. 3d 179, 405 N.E.2d 1322; *Reed v. City of Belleville* (1973), 13 Ill. App. 3d 1093, 301 N.E.2d 838.

We have no jurisdiction over the appeal from the denial of plaintiff's section 72 motion because that appeal was not timely filed. Supreme Court Rule 304(b)(3) provides that any judgment or order granting or denying any of the relief prayed for in a petition under section 72 of the Civil Practice Act is appealable without a finding by the court that there is no reason for delaying enforcement or appeal. (*Sottile v. Suvick* (1979), 79 Ill. App. 3d 631, 398 N.E.2d 877, *appeal denied* (1980), 81 Ill. 2d 587; *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 392 N.E.2d 703.) As we have repeatedly held, the notice of appeal must be filed within 30 days after the denial of the section 72 motion and where it is not, this court has no jurisdiction to review the denial. *Scottile v. Suvick* (1979), 79 Ill. App. 3d 631, 398 N.E.2d 877, *appeal denied* (1980), 81 Ill. 2d 587; *Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102, *appeal denied* (1977), 66 Ill. 2d 630.

The plaintiff relies upon the fact that the trial court deleted the section 304(a) finding from the November 27 order and entered such an order on March 28. Since the order was appealable without such a finding, its presence or absence was immaterial. The order was appealable on November 27, 1979. Plaintiff was required to appeal before December 28, 1979, and the trial court had no jurisdiction on March 28, 1980, three months later, to extend the time for appeal. (*Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 401 N.E.2d 973; *Huber v. Maggio* (1975), 31 Ill. App. 3d 624, 333 N.E.2d 270.) The order being final and

appealable on November 27, 1979, the finding in the March 28 order that the order of November 27, 1979, was now final and appealable was of no force or effect. (*Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 295 N.E.2d 41.) *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669, is not in point. In *Gatto*, a third-party defendant filed a section 72 petition alleging that because the parties had fraudulently concealed a settlement agreement, the judgment was void; it sought an order vacating the judgments and dismissing the complaints, plus other relief. The trial court, while denying the relief sought in the petition, continued the stay of execution, granted leave to petitioner to file a motion to limit the amount for which plaintiffs could execute and continued the cause for further order. When the motion to limit execution was later denied, petitioner filed a notice of appeal from both orders. Under these unique circumstances, the supreme court held that the reviewing court had jurisdiction. In the instant case while the trial court may have indicated, as did the trial court in *Gatto*, that there should be but one appeal, the trial court did not grant leave for further motions to be filed or continue the cause for further order, the very factors emphasized by the supreme court in *Gatto*.

For the foregoing reasons the plaintiff's appeal from the November 27, 1979, order denying his section 72 petition and from the March 4, 1980, order is dismissed. The trial court's judgment of November 27, 1979, denying the motion to vacate the voluntary dismissal is affirmed.

Dismissed in part; affirmed in part.

JOHNSON and JIGANTI, JJ., concur.