CATHLEEN M. HUBERT STREET *et al.*, Plaintiffs-Appellants, v. DONALD HUBERT *et al.*, Defendants-Appellees.

First District (4th Division)   No. 85—0615

Opinion filed March 6, 1986.

872

Harold E. Collins & Associates, Ltd., of Chicago (Harold E. Collins, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Cathleen M. Hubert Street, the natural mother, consented to the adoption of her daughter, Rachel Lillian Hubert. The defendants, Donald and Lillian Hubert, the adoptive parents, were the grandparents of the child as well as the father and mother of the plaintiff. Six years after the adoption was executed, the plaintiff brought this action to set aside the adoption decree and to enforce the terms of which the plaintiff claims was an oral agreement allegedly made between the parties prior to the adoption. The plaintiff sought to have the trial court enforce the adoption agreement, alternatively, that a declaratory judgment finding the adoption decree to be null and void be entered, and finally that the Adoption Act (Ill. Rev. Stat. 1983, ch. 40, par. 1501 et seq.) be declared unconstitutional. On the defendants' motion, the trial court dismissed those counts of the plaintiff's amended complaint concerning the issues raised in this appeal.

On June 24, 1974, the subject to this proceeding, Rachel Lillian Hubert, was born. Two years later, the plaintiff alleges that an oral agreement was made with the defendants in which she consented to the adoption in consideration that the child would be returned to her when she requested, that she be allowed visitation with the child and that at some future date the child would be informed of the true identity of her natural mother.

The adoption decree was entered on July 27, 1978. The plaintiff asserts that she was allowed visitation with the child in accordance with the terms of the alleged oral agreement up until the spring of 1983. At the time the adoption decree was entered under the general limitations statute, an action to set aside an adoption decree could be brought within five years from the date the cause of action accrued. (Ill. Rev. Stat. 1983, ch. 110, par. 13—205, formerly Ill. Rev. Stat. 1977, ch. 83, par. 16.) However, the Adoption Act was amended by Public Act 82—225, effective January 1, 1982, to include a provision which required that:

"No action to void or revoke a consent to or surrender for adoption, including an action based on fraud or duress, may be commenced after 12 months from the date the consent or surrender was executed." (Ill. Rev. Stat. 1983, ch. 40, par. 1513.)

The plaintiff filed her suit on February 22, 1984, nearly six years after the execution of the adoption decree and more than two years after the effective date of the amendment to the Act.

We must first consider the question of whether this action is time-barred under the 1982 amendment to the Act. There are two facets to this analysis. First, this court must determine whether the amendment applies retroactively. Second, if the amendment is retroactive, does a discovery rule apply in order for the action to avoid being time-barred under the amendment.

■■ ■ Considering the first aspect, we believe that the 1982 amendment applies retroactively to the instant case. As a general rule, an amendment shortening a limitations period or providing one where one previously did not exist is applied retroactively and a plaintiff whose cause of action arose before the amendment will be allowed a reasonable period of time after the effective date of the amendment to bring the action. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 420; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 230, 447 N.E.2d 408, quoting *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83, 382 N.E.2d 1211.) A reasonable period of time for bringing suit has been interpreted to mean a period no greater than the repose period itself. (*Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 483; *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 422; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 243-44, 447 N.E.2d 1211 (Ryan, Underwood, Moran, JJ., specially concurring opinion).) For the plaintiff here the reasonable period would have ended no later than one year following the effective date of the 1982 amendment, January 1, 1983. Because the plaintiff's action was filed on February 22, 1984, nearly two years after the effective date of the amendment, her

action must be considered untimely.

To avoid the limitations bar, the plaintiff claims that a discovery rule applies. According to the plaintiff's argument, the amendment did not begin to run until the spring of 1983 when she first discovered that the defendants allegedly committed fraud in obtaining her consent to the adoption. She maintains that by applying a discovery rule wherein the cause of action did not accrue until the cause of action was discovered, her complaint filed in February 1984 was timely. The only support she cites for the application of a discovery rule to this type of action is the decision of *Auer v. William Meyer Co.* (1944), 322 Ill. App. 244, 54 N.E.2d 394, which applied a discovery rule to fraud actions in general.

■ We deem the discovery rule to be inappropriate to the instant action. The discovery rule, which computes the limitations period from the time the plaintiff learns or should have learned of the injury, is a judicially created exception to the traditional rule. (*Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 127-28, 376 N.E.2d 273.) Whether the discovery rule applies to a particular type of action involves "balancing the increase in difficulty of proof [and the threat of interminable liability] against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue." (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 70, 250 N.E.2d 656.) The discovery rule will not be applied where to do so would undermine the purpose of the statute's time limitations period. (*Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 128, 376 N.E.2d 273.) We believe that the instant case is a prime example of where to permit the action would frustrate the purpose of the Adoption Act, which is to promote stable family relationships free from unnecessary intrusion. (*Lingwall v. Hoener* (1985), 108 Ill. 2d 206, 214.) The 1982 amendment to the Act was designed to accomplish this objective by cutting off the prolonged ability of the natural parents to set aside an adoption decree. The legislature sought to eliminate this threat by shortening the period from five years under the general limitations statute to include the instant amendment to reduce the period to one year from the time the adoption decree was executed. If we accepted the plaintiff's position, allowing an action to set aside an adoption decree from the time of discovery of the fraud would in effect render adoption decrees vulnerable indefinitely to attack. This result would be inconsistent with the aims of the amendment and the overall purpose of the Act.

■■ ■ In this context, we further reject the plaintiff's additional claim that the amendment in barring her cause of action before it has been discovered violates principles of due process under the Federal

and State constitutions. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, sec. 2.) A plaintiff is not denied due process of law where a reasonable period of limitation has barred the claim without awareness by the claimant that he or she has been injured. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 428; *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311-12, 402 N.E.2d 560, *appeal dismissed sub nom. Woodward v. Burham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54; *Clark v. St. John's Hospital* (1984), 128 Ill. App. 3d 989, 992-93, 471 N.E.2d 912; *Roberson v. Taylor* (1983), 115 Ill. App. 3d 587, 451 N.E.2d 16.) While barring a cause of action before its discovery seems "harsh and unfair," there is no due process violation if the limitations period is reasonably related to the interests of the State. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311, 402 N.E.2d 560.) Having discussed the purpose of the Act above, we believe that the amendment is reasonably related to the interests of the State. Further, we find no merit in the plaintiff's contention that the amendment also violates the equal protection guarantee. A reasonable basis exists for imposing a one-year time limitation on an action to set aside an adoption decree, where fraud and duress are alleged, rather than applying the five-year general statute of limitations for other types of fraud.

The plaintiff next contends that certain material omissions from the form of consent render the adoption decree null and void. Having concluded that the plaintiff's action attacking the adoption decree was untimely, we need not consider this argument. Further, we will not address the plaintiff's assertion that those provisions of the Act which distinguish between related and unrelated adoptions (Ill. Rev. Stat. 1983, ch. 40, pars. 1507, 1508, 1516 and 1517) violate the equal protection and due process clauses of the Federal and State constitutions. This court will not determine the constitutionality of an act which does not directly affect the party bringing the challenge, unless the unconstitutional defect is so pervasive as to render the entire act invalid. (*People v. Vandiver* (1971), 51 Ill. 2d 525, 529, 283 N.E.2d 681; *Huckaba v. Cox* (1958), 14 Ill. 2d 126, 129, 150 N.E.2d 832.) The plaintiff does not have standing to attack the validity of the Act, as she has not been directly affected by its operation by virtue of her untimely complaint, and we do not believe that the challenged provisions of the Act are so pervasive as to render the entire Act invalid. *Goldblatt Brothers, Inc. v. Industrial Com.* (1981), 86 Ill. 2d 141, 144, 427 N.E.2d 118.

Finally, the plaintiff contends that the oral adoption contract entered into prior to the adoption decree is enforceable so long as it

comports with the "best interests of the child." The case of *In re Custody of Atherton* (1982), 107 Ill. App. 3d 1006, 438 N.E.2d 513, is dispositive of this issue. In *Atherton*, the court held a similar visitation agreement between the natural and adoptive parents unenforceable as being contrary to public policy and the purpose of the Act. The court reasoned that as adoption terminates all parental rights of the natural parents the Act clearly reflects the legislative purpose of preserving the finality and stability of adoptions. The written agreement entered into between the natural parents and adoptive parents in effect alters the custody of the child. To sanction such agreements, the court found, would undermine this legislative policy and bypass the custody decision of the trial court. (*In re Custody of Atherton* (1982), 107 Ill. App. 3d 1006, 1009-10, 438 N.E.2d 513.) Applying *Atherton* to the instant case, the oral agreement is unenforceable. Further, as we have earlier concluded that the time for setting aside the adoption decree and consent have passed, the plaintiff is foreclosed from seeking to reestablish her rights to the child. *Cf. In re Custody of Atherton* (1982), 107 Ill. App. 3d 1006, 1010, 438 N.E.2d 513 (five-year statute of limitations to contest validity of adoption decree had not expired).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., and McMORROW, J., concur.