# Illinois Official Reports

## Appellate Court

> ### *Elston v. Oglesby*, 2014 IL App (4th) 130732

| | |
|---|---|
| Appellate Court Caption | BARBARA ANN ELSTON and DONALD A. ELSTON, Husband and Wife, Petitioners, v. RICHARD OGLESBY IV, WAYNE MILLER, KIMBERLY DAWN DETMERS, and JACK ANTHONY DETMERS, Respondents, and KIMBERLY DAWN CAMPBELL, f/k/a KIMBERLY DAWN DETMERS, Petitioner-Appellant, v. RICHARD OGLESBY V, Intervenor-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-13-0732 |
| Filed | October 30, 2014 |
| Rehearing denied | December 16, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed petitioner's action seeking to reopen and vacate the 1973 adoption in which she was adopted by her biological mother and her mother's husband on the ground that the trial court lacked personal jurisdiction over her biological father due to a false affidavit filed by her mother, since section 20 of the Adoption Act provides that only the father could assert the lack of personal jurisdiction over him in contesting the validity of the proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 73-A-37; the Hon. John Schmidt, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Matthew J. Cate (argued), of Barber, Segatto, Hoffee, Wilke & Cate, and Barry O. Hines, both of Springfield, for appellant.

Andy Scharf, of Scharf Law Firm, of Litchfield, and Kent Follmer (argued), of Follmer Law Offices, of Urbana, for appellee.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Turner and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner, Kimberly Dawn Campbell, f/k/a Kimberly Dawn Detmers, filed a motion to reopen an adoption in which she was the adoptee and vacate the decree of adoption entered on June 20, 1973. The trial court granted a request by Richard Oglesby V (hereinafter, Richard V), Kimberly's paternal half-brother, to intervene in the matter and he filed a motion to dismiss Kimberly's adoption challenge pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2012)). Ultimately, the court granted Richard V's motion to dismiss. Kimberly appeals, arguing the trial court erred in finding her adoption challenge was barred by a one-year statute of limitations contained in section 20b of the Adoption Act (750 ILCS 50/20b (West 2012)) when her challenge was based upon allegations of fraud on the court and a lack of personal jurisdiction over her biological father. We affirm.

¶ 2                                I. BACKGROUND

¶ 3    Kimberly was born on September 21, 1968, and is the biological child of Barbara Ann Elston and Richard Oglesby IV (hereinafter, Richard IV). In 1973, Barbara and her husband Donald A. Elston, whom she married on April 3, 1972, filed a petition for adoption of Kimberly, who was then four years old, and Kimberly's maternal half-sibling (Barbara's child from another relationship who is not a party to this appeal). On June 20, 1973, the trial court entered a decree of adoption, granting the petition.

¶ 4    On November 7, 2012, Kimberly filed a motion to reopen the adoption and vacate the decree of adoption. She alleged the 1973 adoption decree was void *ab initio* because the trial court lacked personal jurisdiction over Richard IV. Specifically, Kimberly asserted Barbara filed a false affidavit with the intent that Richard IV would not be found when Barbara either knew, or had the ability to determine, Richard IV's location. Kimberly alleged that, "[o]n information and belief," the adoption petition provided Richard IV's last known residence as Atlanta, Georgia, without stating a precise address and that service by "publication in the Illinois State Journal and the Illinois State Register was utilized." However, Kimberly alleged Barbara knew how to contact Richard IV through his mother and "therefore would have known

- 2 -

that he was actually located in Kentucky." She also asserted Richard IV had been in the military, Barbara had knowledge of his military service, no affidavit was filed with the trial court regarding Richard IV's military service, and Richard IV's location was easily ascertainable "due to the nature of his military commitment and the ability to locate persons within the military at that time."

¶ 5 Kimberly's motion alleged that both Barbara and Richard IV died in 2011. Additionally, she asserted as follows:

> "To fully inform the Court, there is a pending Complaint for Declaratory Judgment in the Circuit Court of Christian County that involves Yolanda V. Perkins, who passed away on September 9, 1960, and one of her daughters, Yolanda P. Oglesby, who passed away on June 8, 2012. Yolanda V. Perkins is the grandmother of [Richard IV] and Yolanda P. Oglesby is the mother of [Richard IV]. Yolanda V. Perkins and Yolanda P. Oglesby left behind certain real and personal assets. The purpose of that declaratory action is to determine who takes as a descendant of Yolanda V. Perkins and Yolanda P. Oglesby under either estate."

¶ 6 Kimberly attached her own affidavit to her motion to reopen the adoption and vacate the decree of adoption along with the complaint for declaratory relief from the Christian County case. Her affidavit essentially mirrored the allegations set forth in her motion. However, Kimberly additionally asserted she attached Richard IV's military discharge papers to her affidavit, showing his contact address was his mother's address. No such documents appear in the appellate record.

¶ 7 On December 5, 2012, Judge Leslie Graves entered an order, finding good cause to reopen the adoption and ordering it reopened. On January 25, 2013, Richard V filed a petition to intervene in the matter and attached to his petition (1) a motion to vacate the trial court's December 2012 order and reseal the adoption file and (2) a motion to dismiss Kimberly's motion to reopen the adoption and vacate the adoption decree pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)). On April 26, 2013, Judge Graves recused herself from the case, stating in a docket entry that she had reviewed pending motions and found a conflict existed. Judge Graves vacated her December 2012 order, which reopened the 1973 adoption, and reassigned the case to Judge John Schmidt.

¶ 8 On June 28, 2013, Judge Schmidt conducted a hearing in the matter, during which he allowed Richard V's motion to intervene and heard argument on the parties' pending motions. On July 25, 2013, Judge Schmidt allowed Richard V's motion to dismiss. He determined Kimberly's motion to reopen the adoption and vacate the decree of adoption, filed "39 years and 140 days after entry of the final adoption decree," was filed outside the time limits for seeking relief from a judgment of adoption as set forth in both section 20b of the Adoption Act (750 ILCS 50/20b (West 2012)) and section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)).

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, Kimberly argues the trial court erred in granting Richard V's motion to dismiss her challenge to her 1973 adoption. She contends the court erred in finding that a party who seeks relief from a judgment of adoption must bring his or her action within one year from the

entry of the adoption even when the party raises allegations of fraud on the court and a lack of jurisdiction. Kimberly maintains that the trial court in the underlying 1973 adoption never gained personal jurisdiction over Richard IV and, therefore, any order entered by the court was void *ab initio* and could be attacked at any time in any court.

¶ 12 A motion to dismiss under section 2-619(a) admits, for purposes of the motion only, the legal sufficiency of the plaintiff's complaint, but asserts that the claim asserted is barred by some affirmative matter which avoids the legal effect of or defeats the claim. *In re Estate of Boyar*, 2013 IL 113655, ¶ 27, 986 N.E.2d 1170. A section 2-619 dismissal presents a question of law and is subject to *de novo* review. *Boyar*, 2013 IL 113655, ¶ 27, 986 N.E.2d 1170. "Additionally, this court may affirm the trial court's judgment on any basis that is supported by the record." *Stoll v. United Way of Champaign County, Illinois, Inc.*, 378 Ill. App. 3d 1048, 1051, 883 N.E.2d 575, 578 (2008).

¶ 13 The Adoption Act prescribes a one-year limitations period for challenging a final adoption order or judgment, providing as follows:

> "A petition for relief from a final order or judgment entered in a proceeding under this [Adoption] Act, after 30 days from the entry thereof under the provisions of [section] 2-1401 of the Code *** or otherwise, must be filed not later than one year after the entry of the order or judgment." 750 ILCS 50/20b (West 2012).

Section 2-1401, which provides for the filing of a petition for relief from judgment after 30 days from its entry, acknowledges the Adoption Act's limitations period. See 735 ILCS 5/2-1401(c) (West 2012) ("Except as provided in Section 20b of the Adoption Act *** the petition [for relief from judgment] must be filed not later than 2 years after the entry of the order or judgment."). "This one-year time limit on contesting adoptions promotes stability and finality in [adoption] cases" as "[c]hildren should not be left in limbo indefinitely." *In re J.D.*, 317 Ill. App. 3d 445, 451, 739 N.E.2d 1043, 1048 (2000).

¶ 14 As stated, Kimberly asserts any order entered by a court that lacks either subject matter jurisdiction or personal jurisdiction over the parties is void *ab initio* and may be attacked at any time. See *In re M.W.*, 232 Ill. 2d 408, 414, 905 N.E.2d 757, 763 (2009). She argues the trial court lacked personal jurisdiction over Richard IV because Barbara fraudulently informed the court that he could not be found when she either knew, or could have easily determined, his location.

¶ 15 Richard V contends that, because Kimberly requires evidence outside the record to support her adoption challenge, she was required to comply with the time limitation set forth in section 2-1401. To support his position, Richard V relies upon this court's decision in *J.D.*, 317 Ill. App. 3d at 450, 739 N.E.2d at 1048, wherein we stated as follows:

> "A judgment is characterized as void and may be collaterally attacked at any time where the record itself furnished the facts that establish that the court acted without jurisdiction. [Citation.] However, where a motion to vacate a judgment is predicated upon error that is not apparent from the record and requires proof by other evidence, the party seeking to vacate the judgment must proceed under section 2-1401 and must comply with all of the requirements set forth in that section. [Citation.]"

¶ 16 In *J.D.*, 317 Ill. App. 3d at 449, 739 N.E.2d at 1047, this court held that, pursuant to section 20b of the Adoption Act, an adopted child's maternal aunt "could not collaterally attack [a] June 1998 adoption judgment using section 2-1401 of the Code because she filed her

December 1999 petition more than one year after the entry of the adoption judgment." We noted the aunt asserted the adoption judgment was void for lack of jurisdiction and the Code "preserves the existing right to seek relief from a void judgment by means other than section 2-1401." *J.D.*, 317 Ill. App. 3d at 450, 739 N.E.2d at 1048; 735 ILCS 5/2-1401(f) (West 2012) ("Nothing contained in [section 2-1401] affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."). However, we held the aunt required evidence outside the record to establish a lack of jurisdiction in the trial court and, thus, she had to comply with the requirements of section 2-1401, including necessary time limits. *J.D.*, 317 Ill. App. 3d at 450, 739 N.E.2d at 1048.

¶ 17     On its face, the holding in *J.D.* seems to support Richard V's position and the trial court's dismissal of Kimberly's adoption challenge. However, a closer reading of *J.D.* and the case authority upon which it relies reveals that it is not applicable to the particular facts of this case and, specifically, Kimberly's allegations of fraud, which she maintains prohibited the court from obtaining personal jurisdiction over Richard IV.

¶ 18     In *J.D.*, 317 Ill. App. 3d at 450, 739 N.E.2d at 1048, we cited *In re Marriage of Stefiniw*, 253 Ill. App. 3d 196, 201, 625 N.E.2d 358, 362 (1993), wherein the First District determined that because the respondent asserted a defect in the trial court's jurisdiction that "was not apparent from the face of the record in the dissolution action, the dissolution judgment *was voidable* and [the] respondent was obligated to proceed under section 2-1401 in order to have the judgment set aside." (Emphasis added.) In so holding, the court stated the proposition that "[w]here a motion to vacate a judgment is predicated upon error which is not apparent from the record and requires proof by other evidence, the party seeking to vacate the judgment must proceed under section 2-1401 and must comply with all of the requirements set forth in that section." *Stefiniw*, 253 Ill. App. 3d at 201, 625 N.E.2d at 362. To support that statement, the court relied upon two cases that differentiated between fraud which makes a judgment void versus voidable and then set forth the proposition that a voidable judgment may only be collaterally attacked under the procedures set forth in section 2-1401. See *In re Marriage of Noble*, 192 Ill. App. 3d 501, 509, 548 N.E.2d 518, 523 (1989) ("Only judgments which are procured by fraud that gives the court colorable jurisdiction are void. [Citation.] Fraud which occurs after the court acquires jurisdiction, such as false testimony or concealment, renders the judgment voidable only, subject to collateral attack only under the procedure set out in section 2-1401 of the Code ***."); *James v. Chicago Transit Authority*, 42 Ill. App. 3d 1033, 1035, 356 N.E.2d 834, 836 (1976) ("A judgment based upon fraud, the nature of which gives the trial court only colorable jurisdiction, is void and may be attacked at any time. On the other hand, fraud in the nature as alleged here, which occurs after the trial court acquires jurisdiction in the action, renders the judgment voidable only."); see also *Schwarz v. Schwarz*, 27 Ill. 2d 140, 144-45, 188 N.E.2d 673, 676 (1963) (stating that the supreme "court has long differentiated between fraud which gives the court only colorable jurisdiction and fraud which occurred after the court acquired jurisdiction, such as obtaining an order or decree by false testimony or concealment" and "[i]t is only fraud which gives a court colorable jurisdiction that renders a decree void").

¶ 19     Neither *J.D.* nor *Stefiniw* involved allegations of fraud which would give a court colorable jurisdiction and render a judgment void, and both were determined to involve only voidable judgments. However, extrinsic fraud "prevents the forum court from acquiring jurisdiction, or merely gives it colorable jurisdiction," and will render a judgment void. *Falcon v. Faulkner*,

209 Ill. App. 3d 1, 13, 567 N.E.2d 686, 694 (1991). "The classic definition of 'extrinsic fraud' refers to situations where 'the unsuccessful party has been prevented from exhibiting fully his case *** as by keeping him away from court *** or where the defendant never had knowledge of the suit.' " *Falcon*, 209 Ill. App. 3d at 13, 567 N.E.2d at 694-95 (quoting *United States v. Throckmorton*, 98 U.S. 61, 65-66 (1878)); see also *In re Adoption of E.L.*, 315 Ill. App. 3d 137, 154, 733 N.E.2d 846, 860 (2000) (defining " 'extrinsic fraud,' *** as fraud that occurs in situations where an unsuccessful party has been prevented from fully exhibiting his case by being kept away from the court or is kept from gaining knowledge of the suit"). Further, the supreme court has also held that, although "[t]he success of a collateral attack upon a judgment generally depends on a record showing lack of jurisdiction[,] *** an attack charging want of notice and opportunity to be heard *** *may be based on evidence dehors the record*." (Emphasis added.) *In re Estate of Young*, 414 Ill. 525, 535, 112 N.E.2d 113, 118 (1953).

¶ 20      Here, Kimberly raised allegations that Barbara committed fraud, which prevented Richard IV from learning of the adoption action and being heard during those proceedings. Such allegations amount to extrinsic fraud–fraud that would give a court only colorable jurisdiction–and would render the adoption judgment void rather than voidable if proven. Further, such allegations, which essentially constitute "an attack charging want of notice and an opportunity to be heard" (*Estate of Young*, 414 Ill. at 535, 112 N.E.2d at 118), could be based on evidence outside the record of the adoption proceedings and could be brought at any time. Therefore, we find that although *J.D.*, the case relied upon by Richard V, is accurate and applicable to the specific factual circumstances before the court in that case, it is inapplicable to Kimberly's particular allegations of fraud in this case.

¶ 21      Nevertheless, while we reject Richard V's position with respect to *J.D.*, we find dismissal of Kimberly's adoption challenge appropriate because she lacked standing to bring her specific claim. "When contesting the validity of adoption proceedings, 'no other person can complain that the rights of the father or mother have been infringed.' " *In re J.D.*, 317 Ill. App. 3d 419, 425, 739 N.E.2d 1036, 1041 (2000) (quoting *Sullivan v. People ex rel. Heeney*, 224 Ill. 468, 476, 79 N.E. 695, 697 (1906)). Section 20 of the Adoption Act (750 ILCS 50/20 (West 2012)) contains similar language, which defeats Kimberly's claim. That section provides as follows:

> "As to persons over whom the court had jurisdiction or persons claiming under them, *it shall be no basis for attack as to the validity of an adoption* judgment that the court lacked jurisdiction over some other person or persons over whom it should have had jurisdiction." (Emphasis added.) 750 ILCS 50/20 (West 2012).

¶ 22      Here, Kimberly was a party to the underlying adoption proceedings but does not allege the trial court in those proceedings lacked jurisdiction over her. Instead, she challenges the adoption judgment based solely on an alleged lack of personal jurisdiction over Richard IV, her biological father. Pursuant to section 20 of the Adoption Act, allegations that the trial court lacked personal jurisdiction over Richard IV may not serve as a basis for *Kimberly's* challenge to the validity of her 1973 adoption. Although the trial court relied on other grounds when granting Richard V's motion to dismiss, we find dismissal appropriate pursuant to section 20 of the Adoption Act. *Stoll*, 378 Ill. App. 3d at 1051, 883 N.E.2d at 578 (providing that a reviewing court "may affirm the trial court's judgment on any basis that is supported by the record"). Given our holding in this case, we need not address the remaining issues raised by the parties in their briefs.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.