NOTICE

Decision filed 01/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250748-U

NO. 5-25-0748

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* ADOPTION OF JENNA G., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (Luther Torrez and Brenda Torrez, Petitioners-Appellees; | ) | Washington County. |
| Jennifer A. Bierman, Proposed Intervenor-Appellant; | ) | |
| The Department of Children and Family Services, | ) | No. 24-AD-19 |
| Nonparty-Appellee). | ) | |
| | ) | Honorable |
| | ) | Daniel J. Emge, |
| | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's order denying the appellant's motion to intervene and dismissing her motion to vacate.

¶ 2    Jennifer A. Bierman, Jenna G.'s biological grandmother and proposed intervenor, filed a request to intervene and a motion to vacate the adoption proceeding regarding Jenna on March 30, 2025. On August 25, 2025, the circuit court of Washington County denied Bierman's request to intervene and dismissed her motion to vacate, finding that she did not have standing. For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4    On August 1, 2022, Jenna was adjudicated neglected, made a ward of the court, and the Department of Children and Family Services (DCFS) Guardianship Administrator was appointed

1

guardian of Jenna. On November 13, 2023, Jenna's biological parents were found unfit, and on December 18, 2023, their parental rights were terminated. DCFS was then appointed with the power to consent to the adoption of Jenna.

¶ 5    On March 15, 2024, Luther and Brenda Torrez (the Torrezes), Jenna's foster parents, filed a petition for adoption. On July 11, 2024, the Guardianship Administrator filed a consent to the adoption of Jenna by the Torrezes. The circuit court held a hearing on the petition on August 2, 2024, with notice from the Torrezes being provided to Caritas Family Solutions, the agency working with DCFS, and the guardian *ad litem* for Jenna. The circuit court entered a judgment for adoption on August 2, 2024, finding that the parental rights to Jenna's biological parents were terminated, DCFS had the authority to consent to the adoption and did provide its consent, and that it is in Jenna's best interest for the petition for adoption to be granted.

¶ 6    Seven months later, on March 20, 2025, Bierman filed a motion to intervene pursuant to sections 2-406 and 2-408 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-406, 2-408 (West 2022)). The motion to intervene alleged that Bierman was the biological maternal grandmother of Jenna, that Jenna resided with her until August 2023, and that they have a close relationship. The motion stated that Bierman's rights would be affected or substantially prejudiced by the court's determination of the case, that her rights, claims, or defenses have a question of law or fact in common with the parties, and that representation of her interests cannot be adequately protected by the existing parties. The motion further alleged that Bierman was a necessary party to protect an "interest she has in the subject matter of the controversy, which is materially affected by judgment entered in her absence, to reach a decision which will protect the interests of those who are before the court, or to enable the court to make a complete determination of the controversy."

2

¶ 7    The same day, Bierman filed a motion to vacate judgment, which stated that in November 2022 Bierman was licensed by DCFS to be a foster parent for Jenna's placement. Bierman claimed that Jenna had lived with her since November 2021 after Jenna's biological mother signed an Appointment of Short-Term Guardian for Bierman's care of Jenna. In August 2023 Jenna was removed from the home, and DCFS initiated allegations of medical neglect and injurious environment against Bierman. The motion stated that Bierman appealed the indicated findings against her, and the appeals were granted in November 2024 and February 2025, resulting in the findings being expunged from her record. Bierman was not aware of any adoption proceedings until November 2024 and due to the pending reviews of her appeals, she was "ineligible for return of" Jenna to her care. The motion stated that Bierman had a substantial relationship with Jenna, and that it would be in Jenna's best interest to vacate the adoption and allow Bierman to adopt her.

¶ 8    On April 25, 2025, the Torrezes then filed a motion for summary judgment pursuant to section 2-1005 of the Procedure Code (*id*. § 2-1005). The motion stated that there was no issue of material fact in the motion to intervene, as grandparents do not have a right to intervene in an adoption, citing *In re Adoption of Ruiz*, 164 Ill. App. 3d. 1036, 1040 (1987). Further, Bierman would not be permitted to intervene permissibly because preference in child placement is not a common question of law or fact. *Id.* at 1043. The judgment for adoption was entered on August 2, 2024, and granting the motion to intervene and vacate the judgment would unduly delay the case and prejudice the Torrezes. The motion asked the circuit court to grant summary judgment.

¶ 9    On the same day, the Torrezes filed a motion to dismiss Bierman's motion to vacate judgment, pursuant to sections 2-615 and 2-619.1 of the Procedure Code (*id.* §§ 2-615, 2-619.1). The motion alleged that Bierman previously filed a petition for non-parent visitation of Jenna, DCFS filed a motion to dismiss, and the circuit court granted the motion to dismiss for lack of

3

jurisdiction. The motion further stated that the motion to vacate should be dismissed pursuant to section 2-615 for failure to state a legal claim and pursuant to section 2-619.1 for lack of standing. The memorandum attached to the motion detailed that DCFS, as Jenna's guardian, had the authority to place and consent to adoption under the Juvenile Court Act (705 ILCS 405/1-3(8) (West 2022)), and it was in Jenna's best interest to grant the adoption. Further, Bierman lacked standing because she was not a person entitled to notice of the adoption, and her consent to the adoption was not required because she was a non-custodial grandparent.

¶ 10    The matter proceeded to a hearing on the motions on August 25, 2025. First, while Bierman's motion to vacate did not state that it was filed pursuant to any statutory authority, the circuit court considered the motion pursuant to section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2024)). When addressing all the pending motions, the circuit court said, "I think the issue here is standing. Does the proposed—does Miss Bierman have standing to file in the adoption case."

¶ 11    The attorney for the Torrezes then proceeded, arguing that Bierman does not have standing because she was not a party to the adoption, and she was not entitled to notice of the adoption. Counsel argued that in Illinois, grandparents do not have a right or permissive right to intervene, and Bierman did not have custody of Jenna after DCFS became her guardian in April 2022. She additionally did not have a permissive right to intervene because there is no common question of law or fact. Further, counsel argued that this case was untimely because the adoption was completed.

¶ 12    Bierman's counsel then argued that under section 15.1 of the Adoption Act (750 ILCS 50/15.1 (d) (West 2024)), if the Guardianship Administrator of DCFS abused his discretion by granting consent to an adoption in violation of the child's welfare and best interests, then the court

4

may deny an adoption even though the guardian consented to it. Counsel stated that, "If the Court has the power to deny it, the Court has the power upon abuse to vacate it."

¶ 13    Counsel then stated that DCFS acted fraudulently in this case because it was aware of the ongoing administrative appeals of the indicated findings against Bierman when it proceeded with the adoption proceedings. Counsel argued that under the *In re Adoption of E.L.*,[1] failure to state that something was ongoing can be the basis of fraud. Because DCFS knew of the pending administrative appeals but did not provide that information to the court during the adoption proceedings, the actions of DCFS were fraudulent. Counsel stated that Bierman did not have knowledge of the adoption proceedings, and she was unable to file any motions until the administrative appeals were completed. Counsel argued that under section 2-1401 of the Procedure Code, Bierman filed the petition within one year of the adoption judgment, and review of the petition was necessary for the circuit court to consider information not previously provided during the adoption proceedings. Specifically,

> "If this court had been aware that the grandmother had been involved with this child for such a lengthy period of time I expect we would be asking this Court to find that it would not have entered the order granting the adoption and that she should be given an opportunity to file a counter petition for adoption in this case, which we haven't filed yet because we haven't been granted leave to intervene so that is what we are asking for in this particular case."

¶ 14    The circuit court then inquired of the parties about a case on point, *In re J.D.*, 317 Ill. App. 3d 445 (2000). The court gave the parties time to review the case, then again asked Bierman's

---

[1]Case citation was not provided in the motion or during the hearing. Upon the court's own research, the case is likely *In re Adoption of E.L.*, 315 Ill. App. 3d 137, 183 (2000).

counsel how she had standing based on the precedent set forth in *In re J.D.*, 317 Ill. App. 3d 445 (2000). Bierman's counsel stated that the case was factually different because the non-custodial relative in *In re J.D.*, 317 Ill. App. 3d 445 (2000), received actual notice of the pending adoption, while Bierman did not receive notice. After providing other case law, counsel argued that Bierman had standing to file under section 2-1401 of the Procedure Code and section 20(b) of the Adoption Act (750 ILCS 50/20(b) (West 2024)).

¶ 15    The Torrezes argued that Bierman did not have standing because she was not a party to the case, was not entitled to notice, and that she could have filed a petition for adoption prior to when she filed the present motions. Bierman's counsel responded that she was unaware of the termination of parental rights and did not know when the petition could be filed.

¶ 16    The circuit court found as follows:

> "The bottom line is that the proposed intervenor in [*J.D.*] was a nonparty in that adoption case and based on that she can't intervene in a post judgment adoption proceeding, because she wasn't a party to the original adoption proceeding. She had no right to be a party to the original adoption proceeding.
>
> I don't think there is any way of getting around that based on what I have reviewed in this case, so I am going to deny the request of the petitioner, the 2-1401 petition."

The circuit court denied the request to intervene and dismissed the underlying motion to vacate because Bierman did not have standing to file it. Bierman timely appealed.

¶ 17                                II. ANALYSIS

¶ 18    On appeal, Bierman, proceeding *pro se*, argues that the circuit court abused its discretion by denying her motion to intervene. We first must address Bierman's compliance with the Illinois

6

Supreme Court Rules, as both appellee briefs argue that Bierman's brief should be dismissed entirely for failure to comply.

¶ 19    Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) governs the contents of briefs on appeal, including that the appellant's brief shall contain a table of contents, an introductory paragraph, an issue presented statement, a statement of jurisdiction, a statement of facts, argument, and conclusion. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). Compliance with Supreme Court Rules is mandatory, as its end purpose is that the reviewing court may ascertain and dispose of the issues raised. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986). "The fact that a party appears *pro se* does not relieve that party from complying as nearly as possible to the Illinois Supreme Court Rules for practice before this court." *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 20    Bierman's brief does, in fact, fail to conform with the requirements of Rule 341. It does not contain the following requirements: a certificate of compliance, a statement of facts with citations to the record, an argument with citations to controlling authorities, or an appendix. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). Bierman also mentions an exhibit but did not attach any to the brief.

¶ 21    A reviewing court may, in its discretion, dismiss an appeal where the appellant's brief fails to comply with the applicable rules of appellate procedure. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Despite deficiencies in the brief and in the interest of judicial economy, Bierman has provided enough materials for this court to address the merits of the issue clearly raised on appeal,[2] namely that the circuit court abused its discretion in denying the request to intervene.

---

[2]Bierman's form brief and attached document labeled "Appellants Brief" contain non-legal arguments that provide no applicable law. As such, we will not be addressing those alleged arguments.

7

¶ 22 Section 2-408 of the Procedure Code provides for intervention as a matter of right and intervention as a matter of the trial court's discretion. *In re Adoption of Ruiz*, 164 Ill. App. 3d 1036, 1040 (1987); 735 ILCS 5/2-408 (West 2024). "Grandparents may not intervene in a pending adoption case as a matter of right." *In re Adoption of Ruiz*, 164 Ill. App. 3d at 1040. As to discretion, the court may allow intervention when (1) "a statute confers a conditional right to intervene" or (2) "an applicant's claim or defense and the main action have a question of law or fact in common." 735 ILCS 5/2-408(b) (West 2024).

¶ 23 The purpose of intervention is to expedite litigation by disposing of the entire controversy among the parties involved in one action to prevent multiple cases. *People ex rel. Alvarez v. Price*, 408 Ill. App. 3d 457, 464 (2011). In adoption cases, Illinois courts have held that intervention will be allowed only where the party "has an enforceable or recognizable right, not simply a general interest, in the subject matter of the proceeding." *In re Adoption of Ruiz*, 164 Ill. App. 3d at 1040. Further, a party without custody or any other legal rights to a child has no right to intervene in a proceeding brought by other parties to adopt that child. *Id.* When parental rights of biological parents are terminated, it severs the rights and interests of the biological parents' relatives. *In re Adoption of S.G.*, 401 Ill. App. 3d 775, 785-86 (2010). This court reviews a decision on a petition to intervene under an abuse of discretion standard. *Id.* at 784.

¶ 24 Bierman argues that she may intervene as of right pursuant to section 2-408(a) of the Procedure Code because she is the child's grandmother and former caregiver, and the preservation of her family gives her a "unique and powerful interest" in the case. 735 ILCS 5/2-408(a) (West 2024). Despite this claim, Illinois courts have held that grandparents, like Bierman, may not intervene as of right. *In re Adoption of Ruiz*, 164 Ill. App. 3d at 1040. Because Bierman could not intervene as of right, it was not error for the circuit court to dismiss her motion on this ground.

8

¶ 25    Bierman also argues that she may intervene permissibly under section 2-408(b) of the Procedure Code. 735 ILCS 5/2-408(b) (West 2024). In order to intervene under this section, a party must have an enforceable or recognizable right, not simply a general interest. *In re Adoption of Ruiz*, 164 Ill. App. 3d at 1040. Under this portion of her argument, Bierman states that the circuit court's decision was "unreasonable and arbitrary." She does not explain how she would have an enforceable or recognizable right as the biological grandmother, and our courts have already decided this issue. Much of Bierman's argument focuses on her relationship to Jenna as her biological grandmother and former foster parent. However, when a biological parent loses his parental rights to a child, this severs the rights and interests of the biological parents' relatives, which includes grandparents. *In re Adoption of S.G.*, 401 Ill. App. 3d at 785-86. Bierman thus has no enforceable or recognizable right in this case, she only has a general interest in Jenna's placement.

¶ 26    A party may also intervene if a claim or defense and the main action have a question of law or fact in common. 735 ILCS 5/2-408(b) (West 2024). Illinois courts have previously interpreted the issue of which party had a right to adopt a child as a "preference," stating, " '[w]e doubt that an assertion of a preference presents a common question of law or fact in an adoption proceeding merely because both parties wish to adopt the same child.' " *In re Adoption of Ruiz*, 164 Ill. App. 3d at 1043 (quoting *In re Adoption of Oliva*, 52 Ill. App. 3d 626, 629 (1977). Because there is no question of law or fact in common, Bierman does not have a permissive right to intervene in the adoption either. The circuit court thus did not err in denying Bierman's motion to intervene.

9

¶ 27    The circuit court also denied Bierman's motion to vacate the adoption judgment under section 2-1401 of the Procedure Code. 735 ILCS 5/2-1401 (West 2024). The circuit court found, and we agree, that Bierman did not have standing to file the motion to vacate.

¶ 28    A petition for relief from a final order or judgment under the Adoption Act must be filed within 30 days of the entry, unless a party files pursuant to section 2-1401 of the Procedure Code. 750 ILCS 50/20b (West 2024); 735 ILCS 5/2-1401 (West 2024). "Section 2-1401 [of the Procedure Code] was never intended to permit a person not a party to the action to intervene after final judgment and reopen the suit so as to permit a new claim to be filed." *In re J.D.*, 317 Ill. App. 3d at 450. A person collaterally attacking a judgment to which they were not a party can only attack the judgment based on the court's lack of jurisdiction of the parties or the subject matter. *Orme v. Northern Trust. Co.*, 25 Ill. 2d 151, 163 (1962). The standard of review for dismissal of a section 2-1401 petition based on lack of standing is *de novo*. *Hurlbert v. Brewer*, 386 Ill. App. 3d 1096, 1101 (2008).

¶ 29    The circuit court found *In re J.D.*, 317 Ill. App. 3d 445 (2000) to be instructive, and we agree. In *In re J.D.*, 317 Ill. App. 3d 445 (2000), a child was placed with his biological aunt after DCFS adjudicated him neglected in 1993. *Id.* at 447. The court terminated the parental rights of his biological mother, and DCFS received authority to consent to J.D.'s adoption in 1996. *Id.* J.D. was later removed from his aunt's care due to indicated reports with DCFS in January 1997. *Id.* His aunt filed an administrative appeal of the reports. *Id.* J.D. was placed with a family, and they obtained an adoption judgment for J.D. in May 1998. *Id.* In December 1998, the reports against the aunt were determined to be "unfounded" by DCFS, and the aunt subsequently filed a motion to vacate the judgment, pursuant to section 2-1401 of the Procedure Code. *Id.* The appellate court ultimately held that the aunt "had no standing to intervene in J.D.'s adoption proceeding and file

a section 2-1401 petition to vacate after the trial court entered an adoption judgment. A nonparty to a judgment has no standing to seek relief from that judgment by filing a section 2-1401 petition." *Id.* at 449-50. Additionally, the appellate court found that the pending administrative appeals of the DCFS reports did not preclude her from filing a petition to adopt J.D. *Id.* at 452.

¶ 30    This case is factually similar to the present case. Bierman was not a party to the adoption case and did not have standing to file a section 2-1401 petition. She additionally did not allege or argue that the trial court lacked jurisdiction over the parties or subject matter. While Bierman focuses on the findings of the administrative appeals for the DCFS reports, as *In re J.D.*, 317 Ill. App. 3d 445 (2000), and the trial court both noted, nothing prevented her from filing a petition to adopt Jenna while awaiting the findings of the appeals. The circuit court thus did not err in dismissing the section 2-1401 petition due to lack of standing.

¶ 31                                III. CONCLUSION

¶ 32    The circuit court of Washington County did not err in denying Bierman's motion to intervene or dismissing her section 2-1401 petition. The judgment of the circuit court is affirmed.

¶ 33    Affirmed.