2019 IL App (1st) 190154-U

No. 1-19-0154

Third Division

December 31, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DIRECT AUTO INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 14 CH 17430 |
| RAMIRO RODRIGUEZ, JESENYA RODRIGUEZ, | ) | |
| JOCELYN SANTOS, BLANCA VALDEZ, FREDERICK | ) | |
| TREJO-MORA, and MARLENE LOPEZ, | ) | |
| | ) | Honorable |
| Defendants (Jocelyn Santos, Frederick Trejo- | ) | Franklin Valderrama, |
| Mora, and Marlene Lopez, Defendants-Appellees.) | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not lose jurisdiction to consider defendants' petition to vacate a default summary judgment against them when the petition was withdrawn for re-notice.

¶ 2    Plaintiff-Appellant, Direct Auto Insurance Company, appeals from the circuit court's

judgment in favor of defendants-appellees, Jocelyn Santos, Frederick Trejo-Mora, and Marlene

Lopez, in a declaratory judgment action. The sole issue on appeal is whether the circuit court lost jurisdiction over defendants' petition to vacate a default summary judgment where defendants' petition was withdrawn for re-notice. We hold that the circuit court did not lose jurisdiction, and thus affirm its judgment.

¶ 3                                    I. BACKGROUND

¶ 4      On July 9, 2012, Ramiro Rodriguez applied for automobile insurance with plaintiff, listing himself and his daughter, Jesenya Rodriguez, as drivers to be covered. Based on this application, plaintiff issued Ramiro an insurance policy for a 2008 Jeep Liberty. On November 29, 2012, while the policy was in effect, Jesenya was driving the Liberty when she came into contact with another vehicle owned by Blanca Valdez and occupied by defendants. Valdez and defendants brought claims under the Rodriguezes' insurance policy for injuries they allegedly sustained in the accident.

¶ 5      On October 28, 2014, plaintiff filed a complaint in the circuit court seeking a declaratory judgment that the policy was void *ab initio* due to alleged material misrepresentations in Ramiro's application.[1] On January 8, 2015, plaintiff filed a motion for default against Ramiro and Jesenya for failure to appear, answer, or otherwise plead. Plaintiff also filed motions for default against Valdez, Trejo-Mora, and Lopez on February 23, 2015, and against Santos on May 28, 2015. The circuit court granted plaintiff's motion against Valdez, Trejo-Mora, and Lopez on February 23, 2015, and against Ramiro, Jesenya, and Santos on June 4, 2015. Plaintiff then filed a motion for summary judgment, which the court granted on December 16, 2015.

---

[1] Although Ramiro, Jesenya, and Valdez were defendants in the declaratory judgment action, they are not parties to this appeal.

¶ 6      On January 15, 2016, defendants filed a "PETITION TO VACATE FINAL ORDER, PETITION TO VACATE DEFAULT JUDGMENT AND FOR LEAVE TO FILE APPEARANCE AND ANSWER OR OTHERWISE PLEAD" pursuant to sections 2-1301 and 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1301, 2-1401 (West 2016)). In the petition, defendants argued that plaintiff "purposefully excluded [defendants' counsel] from any of the declaratory action pleadings in order to circumvent attorney opposition to their complaint and enter summary judgment unopposed," even though plaintiff knew that defendants were represented by counsel in their personal injury suit. Defendants noticed the petition for hearing on January 25, 2016. According to a service list attached to the notice of motion, notice was sent to Ramiro, Jesenya, Valdez, and the law firms Parrillo Weiss LLC and Goldman & Grant.

¶ 7      On January 25, 2016, the date set for hearing on the petition,[2] the circuit court entered an order stating that "IT IS HEREBY ORDERED that Defendants withdraw their motion and re-notice with proper service to James P. Newman [&] Associates to be completed." That same day, defendants filed a "RE-NOTICE OF MOTION" for February 1, 2016.

¶ 8      The circuit court continued the hearing on defendants' petition to allow plaintiff additional time to respond. Plaintiff filed its response on March 21, 2016, contending that (1) it was not required to notify defendants' counsel because counsel had not filed an appearance in the declaratory judgment action, (2) defendants had not identified any meritorious defenses to summary judgment, and (3) defendants' petition to vacate was untimely because "they did not file and serve their Notice of Motion and Motion until January 25, 2016," more than 30 days after the court entered summary judgment on December 16, 2015. After a hearing on May 26, 2016, the

_____

[2] The record on appeal does not contain transcripts of any proceedings.

circuit court granted defendants' petition and thus vacated the summary judgment with respect to defendants.

¶ 9     The trial on plaintiff's complaint was ultimately held on December 11, 2018. On December 21, 2018, the circuit court issued a written order finding that plaintiff had not proven that Ramiro made any false statements in the insurance application or that the allegedly false statements were material. The court therefore entered a judgement in favor of defendants, and plaintiff appealed.

¶ 10                                     II. ANALYSIS

¶ 11     On appeal, plaintiff argues, for the first time, that the circuit court lost jurisdiction to consider defendants' petition to vacate the default summary judgment because defendants withdrew the petition and did not re-file it alongside their re-notice of motion. Consequently, plaintiff contends that the petition was no longer pending before the circuit court, and that the court's order granting the petition is therefore void. Based on this reasoning, plaintiff further maintains that the circuit court did not have jurisdiction to enter the December 2018 judgment in defendants' favor because it was entered more than 30 days after plaintiff was awarded default summary judgment in December 2015.

¶ 12     In support of its position that defendants were required to "re-file" their petition to vacate after it was withdrawn for re-notice, plaintiff relies on *Sottile v. Suvick*, 79 Ill. App. 3d 361 (1979), and *Kulhavy v. Burlington Northern Santa Fe RR.*, 337 Ill. App. 510 (2003). However, both of those cases are distinguishable and do not compel the result plaintiff urges.

¶ 13     In *Sottile*, the plaintiff timely filed a section 72 petition (Ill. Rev. Stat. 2977, ch. 100, par. 72) challenging the dismissal of her complaint. *Sottile*, 79 Ill. App. 3d 631, 632 (1979). The circuit court denied the petition on April 17, 1978. *Id.* On May 16, 1978, the plaintiff filed a notice that

she would, on June 26, 1978, file a petition for rehearing on the section 72 petition. *Id.* The petition for rehearing was denied on August 24, 1978, and the plaintiff filed her notice of appeal within 30 days thereafter. *Id.*

¶ 14 This court found that we lacked jurisdiction over the appeal because (1) more than 30 days had passed since the circuit court's denial of the section 72 petition, and (2) the plaintiff's petition for rehearing was not the type of postjudgment motion that tolls the 30 days in which a party may appeal. *Id.* at 632-33. We also noted that, even if the petition for rehearing would have tolled the period for an appeal, the plaintiff did not file the actual petition for rehearing until more than 30 days after the section 72 petition was denied. *Id.* at 633. Therefore, we did not have jurisdiction to consider the plaintiff's arguments on appeal. *Id.*

¶ 15 This is inapposite to the present case, where there is no dispute that defendants timely filed a petition to vacate on January 15, 2016, within 30 days of the default summary judgment entered on December 16, 2015. See 735 ILCS 5/2-1301(e) (West 2016) (court may set aside any default or final judgment upon a motion filed within 30 days after the entry thereof). Simply put, nothing in *Sottile* suggests that a circuit court loses jurisdiction over a timely-filed petition when the petitioner amends the notice of motion.

¶ 16 Plaintiff's reliance on *Kulhavy* is also unavailing. There, the circuit court dismissed the plaintiff's complaint for want of prosecution on November 21, 2000. *Kulhavy*, 337 Ill. App. at 512. The plaintiff timely filed a "Motion to Reinstate" on December 20, 2000, but did not attach the required $75 filing fee. *Id.* On February 21, 2001, the plaintiff filed what his counsel characterized as a "new" motion to reinstate, which was identical to the previous motion, but included the requisite filing fee. *Id.* at 512, 515. In March 2001, the plaintiff voluntarily withdrew the new

motion to reinstate and instead filed a petition for relief from judgment. *Id.* at 512. In an affidavit attached to the petition, the plaintiff's counsel explained that he withdrew the new motion to reinstate because he was informed that that type of motion was "improper" under the circumstances and that "a Petition to Vacate or Petition for Relief from Judgment was the proper motion." *Id.* at 515.

¶ 17    On appeal, we ruled, among other things, that the circuit court lacked jurisdiction to consider the plaintiff's new motion to reinstate because it was filed more than 30 days after the court dismissed the case. *Id.* at 515. We also stated that, even if the new motion to reinstate had been timely filed, we would still have lacked jurisdiction because the plaintiff withdrew the motion and instead pursued a petition for relief from judgment. *Id.*

¶ 18    Here, in contrast, defendants did not abandon their petition to vacate, but rather successfully litigated it on the merits. Additionally, although plaintiff asserts that "[t]here is no indication why" defendants' petition to vacate was withdrawn, we note that the circuit court's January 25 order plainly stated that defendants were to re-notice and serve the law firm James P. Newman & Associates, which represented plaintiff throughout the declaratory action, but was not included in defendants' original service list. Defendants filed the re-notice on the same day it was ordered. Thus, the record shows that the hearing on defendants' petition to vacate was merely taken off the circuit court's call for January 25 with leave for defendants to re-notice their timely, previously-filed petition to the proper opposing counsel. Under these circumstances, the circuit court did not lose jurisdiction to consider the petition. See *Clark v. Han*, 272 Ill. App. 3d 981, 985 (the plaintiffs' motion to reconsider the dismissal of their complaint remained pending before the circuit court where the motion was "withdrawn" and re-noticed for hearing on a later date).

¶ 19    Because we find that the circuit court retained jurisdiction over defendants' petition to vacate, we also reject plaintiff's argument that the court lost jurisdiction to amend the default summary judgment 30 days after entry.

¶ 20                                III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 22    Affirmed.